RECEIVED
IN LAKE CHARLES, LA
AUG 2 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC., ET AL** | : | **DOCKET NO. 04 CV 1150** |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [doc. #130] filed by Defendant, Parker-Hannifin Corporation ("Parker") and an Opposed Motion for Leave to File a Cross-Claim [doc. #135] filed by Defendant, Dayco Products, LLC ("Dayco"). Because of the interrelationship between the two motions, we will address them in one ruling.

### FACTUAL STATEMENT

Brookshire Brothers is a chain of retail grocery stores located in East Texas and West Louisiana. At each of its grocery stores, the retailer operates and sells gas to consumers which requires the use of underground storage tanks ("tanks"). Complaint, ¶ 1. The surface gas pumps and tanks are linked by flexible pipes allegedly manufactured, designed and assembled by TCI. Complaint, ¶ 3 Brookshire Brothers alleges that Dayco Products, Inc., Ticona Polymers, Inc., Shell Chemical, LP and Cleveland Tubing, Inc. participated in the design, manufacture and sales of the flexible pipe, and manufactured and supplied different component parts for use in TCI's flexible pipe. Complaint, ¶ 5. The remaining defendants [1] have allegedly issued liability insurance policies

---

[1] Commerce & Industry Insurance Company, ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, MNO Insurance Company, and PQR Insurance Company.

to these defendants and/or are alleged to have successor liability. Complaint, ¶ 20.

Brookshire Brothers purchased the pipes manufactured by these defendants and installed it in virtually all of its seventy-eight (78) retail locations. Complaint, ¶ 6. Brookshire Brothers alleges that the underground inviroflex pipes leak, whereas, TCI maintains that the pipes are not the cause of the leaks. Brookshire Brothers asserts that the defective pipes have resulted in underground gas leaks causing the retailer to lose gasoline from the tanks, and further causing the gas stations to be shut down while the underground pipes were retrieved and replaced. Complaint, ¶ 10. Brookshire Brothers asserts that it has had to expend substantial monies in replacing the leaking pipes, and that TCI has refused to reimburse it or agree to replace the TCI pipes with non-leaking pipes. Brookshire Brothers further asserts that TCI replaced the leaking pipes with more TCI pipes that leaked, resulting in further successive damage. Complaint, ¶ 11.

Dayco and Parker are just two of the many defendants named in this suit. Plaintiffs claim that Dayco manufactured some of the flexible piping installed at its gas stations. Plaintiffs claim that Parker has successor liability for its claims against Dayco pursuant to an Asset Purchase Agreement ("Agreement") dated October 19, 2001.[2] In that Agreement, Parker purchased Dayco's Fluid Management Business. Parker filed the instant motion for summary judgment asserting that it has no successor liability. Subsequent to Parker's motion for summary judgment, Dayco filed the instant opposed motion for leave to file a cross-claim against Parker asserting Parker's successor liability. In its opposition to the motion for leave to file a cross-claim, Parker asserts that any issues concerning the Agreement must be decided in a forum expressly agreed upon by the parties in that Agreement, namely Ohio or New York.

---

[2] Exhibit A, attached to Morgan Affidavit, attached to Parker's Statement of Undisputed Facts.

2

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ARGUMENT

Parker submits that it has no successor liability for claims asserted by Plaintiffs against co-defendant, Dayco. The basis for Plaintiffs' claims originate from Parker's Form 10-Q for the period

---

[3] Fed. R.Civ. P. 56(c).

[4] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[8] *Anderson,* 477 U.S. at 249-50.

3

ending September 30, 2001, which states in part that on October 19, 2001, the Company [Parker] acquired assets associated with the global fluid management business of Dayco Industrial from Mark IV/BC Partners. Plaintiffs do not allege that the pipe involved in this case was among the product lines transferred to Parker. The Dayco assets acquired by Parker include Imperial-Eastman products and a wide variety of hydraulic and industrial hose and connectors.

The document evidencing the assets acquisition by Parker and referred to in Parker's Form 10-Q is the Assets Purchase Agreement. Plaintiffs are alleging that Parker has successor liability to Dayco because of the transfer of assets under the Agreement.[9] Parker argues that the Agreement assigns liability to Dayco for the Enviroflex pipe. In its reply memorandum, Parker also addresses Dayco's motion for leave to file a cross-claim and further argues that according to the Agreement any suit between Dayco and Parker *must* be brought by Parker in New York or by Dayco in Ohio. Thus, the issue of Dayco's motion for leave to file a cross-claim here in Louisiana becomes relevant. Section 10.13 of the Agreement provides the following pertinent language:

> (b) Each party hereto irrevocably and unconditionally (i) agrees that any suit, action or other legal proceeding arising out of this Agreement *may* be brought by the Buyers in any New York state court or federal court sitting in Buffalo, New York or by the Sellers in any Ohio state court or federal court sitting in Cleveland, Ohio (each, an "Exclusive Court");

Dayco posits that the term "may" is permissive, optional or discretional and not mandatory. While the Court agrees with Dayco's meaning of this term, we must acknowledge that Parker chose to take advantage of § 10.13 of the Agreement and has already filed a suit seeking a declaratory judgment regarding its successor liability in the United States District Court, Northern District of Ohio, Eastern Division, entitled *Parker-Hannifin Corp. v. Day Products, LLC, et al*, case number

---

[9] Parker asserts in their memorandum that the product line in question was discontinued years before the date of the Agreement.

4

1:04CV0897.

In that suit, the Honorable Judge Paul R. Matia granted Parker's motion for partial summary judgment and determined that the Agreement does not constitute an assumption by Parker of liability for the Enviroflex hoses at issue in the instant case. The Court has reviewed the decision, the summary judgment evidence submitted by both parties, and for the reasons set forth in *Parker-Hannifin Corp. v. Day Products, LLC, et al*, case number 1:04CV0897, finds that the Agreement does not constitute an assumption by Parker of liability for the Enviroflex hoses at issue here. Accordingly, Parker is entitled to summary judgment in its favor as a matter of law.

Because of our finding in favor of Parker regarding the motion for summary judgment, the Court also concludes that Dayco's motion for leave to file a cross-claim is futile at this point.

## CONCLUSION

Based on the foregoing, the motion for summary judgment filed by Parker-Hannifin Corporation will be granted dismissing all of Plaintiffs' claims against said defendant, and the motion for leave to file a cross-claim filed by Dayco Products, LLC against Parker-Hannifin Corporation will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of August, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE