RECEIVED
IN LAKE CHARLES, LA

JAN - 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC., ET AL** | : | **DOCKET NO. 04-1150** |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #183) filed by Pump Masters, Inc. ("Pump Masters"), who is named in this suit as a third party defendant/cross defendant by Shell Chemical, LP ("Shell"), Dayco Products, LLC and Mark IV Industries, LTD ("Dayco/Mark IV"), and Underwriters Laboratories, Inc. ("UL"). Pump Masters moves this court for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the grounds that it cannot be held liable for the claims made by Shell, Dayco/Mark IV and UL.

## FACTUAL STATEMENT

This litigation involves a number of failures and/or leaks of underground Enviroflex pipe. The Plaintiffs, Brookshire Brothers[1], is a chain of retail grocery stores located in East Texas and West Louisiana. The retailer operates and sells gas to consumers at each of its grocery stores. The surface gas pumps and tanks are linked by flexible pipes allegedly manufactured, designed and assembled by Total Containment, Inc. In their complaint and amending complaints, Brookshire Brothers has named numerous defendants alleging that they either participated in the design,

---

[1] Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc., Brookshire Brothers Investment, Inc., and Brookshire Brothers Ltd.

manufacture and sale of the flexpipe, manufactured and supplied different component parts for use in TCI's flexpipe, or issued liability insurance policies to these defendants.

Brookshire Brothers specifically alleges that Dayco/Mark IV and UL caused it damages through the design, manufacture and sale of the allegedly defective flexpipe installed at its gas stations. Brookshire Brothers specifically alleges that Shell supplied component parts to the TCI flexpipe and said parts are at least partially responsible for the pipe's failures. Brookshire Brothers has not named Pump Masters as a defendant.

In their third-party complaint and cross-claims, defendants, Shell, Dayco/Mark IV and UL allege that Pump Masters was the general contractor responsible for all aspects of the design and construction of the gasoline storage and delivery systems located at Plaintiffs' gas stations, including the site-specific design and installation of the TCI flexpipe. In addition, Pump Masters has been responsible for maintenance of the gas delivery systems and has performed repairs on these systems, including replacement of the allegedly failed and/or leaking flexpipe, at numerous Brookshire Brothers' retail locations. These defendants allege that Pump Masters was negligent in the construction, maintenance and repair of Plaintiffs' gas delivery systems. Accordingly, Shell, Dayco/Mark IV, and UL contend that if they are liable to Plaintiffs, which is denied, then Pump Masters is liable to them to the full extent of any such liability they might incur, pursuant to the provisions of Texas Civil Practices and Remedies Code, chapter 33.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law."[2] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[3] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[4] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[5] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[6] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[7]

## LAW AND ANALYSIS

Brookshire Brothers has not asserted any judicial demand against Pump Masters. Rather, the only demands against Pump Masters are the subject Third Party Demand and Cross Claims by Shell, Dayco/Mark IV and UL. Pump Masters maintains that the Third Party Demand and Cross Claims asserting claims of contribution should be decided under Louisiana law because Pump Masters is a Louisiana Corporation. Pump Masters then maintains that the 1996 amendments to Louisiana Civil

---

[2] Fed. R.Civ. P. 56(c).

[3] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[7] *Anderson*, 477 U.S. at 249-50.

3

Code articles 2323 and 2324 abolished solidarity and the right of contribution. Hence, Shell, Dayco/Mark IV and UL have no right or cause of action to seek contribution from Pump Masters.

To support their position as to which state's law should apply, Pump Masters argues that the most substantial factor to be considered by this Court is the absence of any contacts between Pump Masters and Shell, Dayco/Mark IV and UL. Pump Masters concedes it has substantial contacts in the State of Texas. However, it argues that because there is an absence of any contacts in Texas between Pump Masters and these defendants, and considering that Pump Masters is a Louisiana Corporation, the issue of contribution should be decided under Louisiana law.

Under Louisiana choice of law principles, the Court must determine the choice of law for the contribution cause of action based on the general principles set out in Louisiana Civil Code article 3542 which provides the following:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

In its motion for summary judgment, Pump Masters asks this Court to consider only the fact that it is incorporated in the State of Louisiana and the products at issue in this litigation came through its hands. However, the Court cannot ignore the contacts this matter has with Texas. The relevant and underlying injury is the failure and/or leaks of the flexpipe. More than 90% of the relevant flexpipe installations are in Texas. The Brookshire Brothers entities are Texas partnerships

4

or corporations with a Texas domicile. Shell asserts that its primary place of business is in Texas and it has a Texas domicile. Pump Masters performed the vast majority of its installation, maintenance, repair, monitoring, and replacement work on Brookshire Brothers' gas stations in Texas. None of these defendants are incorporated in or have their principal place of business in Louisiana. Pump Masters obtained its "certification" as an installer of flexible hose by on-site training in Texas. Of the 50 stations Pump Masters built for Brookshire Brothers, 49 were in Texas. Pump Masters installed the flexpipe in 62 Brookshire Brothers' gas stations, 59 in Texas and 3 in Louisiana. Pump Masters has a business presence in Texas. Pump Masters has an office in Tyler, Texas.[8] Pump Masters retained and dispatched Texas contractors to perform monitoring and repair work on Brookshire Brothers locations in Texas. The "center of gravity" for the commercial relationships, communications, and decisions regarding Pump Masters' work to install and repair the TCI hose was in Texas.[9] Pump Masters submitted itself to the jurisdiction and oversight of the Texas Commission on Environmental Quality, a Texas state environmental agency, in the construction and maintenance of highly regulated underground storage tank systems.

In this case, the vast majority of the gas stations are located in Texas, and Pump Masters performed the majority of its work on these stations in Texas. It is Pump Master's alleged negligence that is the basis for Shell, Dayco/Mark IV and UL's third party demand and cross-claims

---

[8] Pump Masters denies this allegation through the affidavit of Leo Jones, the CEO of Pump Masters, Inc. However, that same affidavit admits that there is an office of Pump Masters, Inc. of Texas, a separate and distinct entity from Pump Masters, Inc.

[9] By way of example: (1) Pump Masters made sales calls and held meetings with Larry Negron to discuss the TCI flexhose performance in Lufkin, Texas, (2) the Brookshire Brothers managers that supervised Pump Masters' installation and repair work are in Lufkin, Texas, and (3) the meeting between Brookshire Brothers, Pump Masters, and TCI regarding the flexhose performance occurred in Lufkin, Texas.

against Pump Masters. Even though the cause of action between Pump Masters and these defendants is an alleged right of contribution, the Court will not ignore these contacts with Texas in determining which state's law applies. When the party seeking summary judgment on a conflicts-of-law issue fails to develop the material facts necessary for the court to decide the issue, the court should simply deny the motion.[10] The undisputed facts in this case reveal that Brookshire Brothers' injuries occurred primarily in Texas and Pump Masters' conduct occurred primarily in Texas, not in Louisiana. Thus, the Court finds that Pump Masters has failed to meet its burden of proof, and there is a genuine issue of material fact as to which state's law should apply.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Pump Masters, Inc. will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of January, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] *Skanski Marine, LLC v. Ameron International Corp.*, 2003 U.S. Dist. LEXIS 21586 (E.D. La. 2003).