UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BROOKSHIRE BROTHERS HOLDING, INC., ET AL. | : | DOCKET NO. 2:04-cv-1150 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Currently before the court is a "Motion to Compel" [doc. 246] filed on behalf of Shell Chemical LP. By this motion, Shell seeks to compel the production of Item No. 8 on the privilege log compiled by Brookshire Brothers Holding, Inc. This item has been identified as an e-mail sent by Mr. NeGron on December 7, 2000 to Jerry Johnson and Tim Hale "requesting Mr. Johnson's attendance and legal services at a meeting with Pumpmasters and TCI on December 14, 2000." Brookshire Brothers asserts that this document is protected from disclosure by the attorney-client privilege.

The attorney-client privilege generally protects confidential communications made by a client to his lawyer for the purpose of obtaining legal advice. *Guzzino v. Felterman,* 174 F.R.D. 59, 60-61 (W.D.La.1997), citing *Hodges, Grant, & Kaufmann v. United States,* 768 F.2d 719, 720 (5th Cir.1985). "In a diversity action involving state law claims, [the] court must apply the law of the state where it sits concerning the scope and application of the claimed attorney-client privilege." *Scherer v. Latter,* 1998 WL 205417 (E.D.La.1998); Fed.R.Evid. 501; *Exxon Corporation v. St. Paul Fire & Marine Ins.,* 903 F.Supp. 1007, 1008-09 (E.D.La.1995); C. Wright & K. Graham, Federal Practice

and Procedure, Evidence § 5433, at 858 & n. 35. Thus, the court must apply Louisiana law to determine whether the information sought by Shell is protected by the attorney-client privilege. *Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 875 (5th Cir.1991); *Scherer v. Latter,* 1998 WL 205417 (E.D.La.1998); *Conoco Inc. v. Boh Bros. Const. Co.* 191 F.R.D. 107 (1998), 114 -117 (W.D.La.,1998)

"The Louisiana Code of Evidence, Chapter 5, Articles 501-513, sets forth [Louisiana's] law on testimonial privileges. The attorney-client privilege authorizes a 'client' to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client when the communication is between the client or a representative of the client and the client's lawyer or a representative of the lawyer. La.Code Evid. art. 506(B)(1) (West Supp.1994)." *Brown v. Car Ins. Co.* 634 So.2d 1163, 1165 (La.,1994). The requisite elements for establishing that a communication falls within the attorney-client privilege are: (1) that the communication is confidential; (2) that the purpose of the communication is to facilitate the rendition of legal services; and (3) that the communication is between the client and his lawyer or their representatives. "Under Louisiana law, the party seeking to assert [the] attorney-client privilege has the burden of proving that the privilege applies." *Cacamo v. Liberty Mut. Fire Ins. Co.* 798 So.2d 1210, 1216, 1999-1421, *8 (La.App. 4 Cir.,2001),*citing Conoco, Inc. v. Boh Bros. Constr. Co.,* 191 F.R.D. 107, 116 (W.D.La.1998); *Pitard v. Stillwater Transfer & Storage,* 589 So.2d 1127, 1131 (La.App. 4 Cir.1991).

In this case, it is Brookshire Brothers who invokes the privilege, and it has the burden of proving the applicability of the attorney-client privilege to the December 7, 2000 e-mail. In

attempting to meet its burden, Brookshire Brothers has focused primarily on establishing that Jerry Johnson served in the capacity of General Counsel for their company in addition to his position as Chief Administrative Officer. That Mr. Johnson served as both General Counsel and Chief Administrative Officer for Brookshire Brothers is established by the evidence presented by Brookshire Brothers. However, it is precisely this dual capacity that raises a doubt as to the privileged nature of the e-mail in question.

Although the attorney-client privilege applies in a corporate setting, the courts have noted that it is more difficult to define the scope of the privilege when the communication is made to in-house counsel because in-house counsel has an increased level of participation in the day to day operations of the corporation. *Upjohn Company v. United States,* 101 S.Ct. 677, 683 (1981); *Commodity Futures Trading Com'n v. Weintruab,* 105 S.Ct. 1986, 1990 (1985); *Guy v. United Healthcare Corporation,* 154 F.R.D. 172, 177 (S.D. Ohio 1993); *U.S. Postal Service v. Phelps Dodge Refining Corp.,* 852 F.Supp. 156 (E.D.N.Y. 1994). The attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice, not business or technical advice. *Scherer v. Latter,* 1998 WL 205417, *4 (E.D. La. 1998); La.Code Evid. Art. 506(B). Additionally, in Louisiana, the attorney-client privilege does not protect all information obtained by an attorney because of his position as a legal advisor. *See* La.C.E. art. 506, comment (i); La.C.E. art. 509, comment; *Conoco v. Boh Bros.*, 191 F.R.D. at 115-16.

Brookshire Brothers' memorandum in opposition to the Motion to Compel states that "Mr. Johnson was asked to attend the [December 14, 2000] meeting in his capacity as Brookshire's lawyer, and to address any legal issue that might arise relative to TCI's warranty. The e-mail in question was communicated to Mr. Johnson in that light and should be privileged." [Doc. 267, pp.2-

3].  However, this statement in the memorandum is not evidence which establishes that the communication was made for the purpose of obtaining legal services.  The e-mail itself does not specifically state either of these facts.  The affidavit of Mr. Johnson indicates that he received an e-mail requesting his presence at a meeting; it does not indicate that the e-mail was sent for the purpose of obtaining legal advice from him.[1]  Accordingly, this court finds that Brookshire Brothers has failed to establish a necessary element of the attorney-client privilege.

Further, Brookshire Brothers has failed to produce any evidence which establishes that the e-mail was a confidential communication and that it has remained confidential.

For these reasons, the court finds that Brookshire Brothers has failed to sustain its burden of proof as to the applicability of the attorney-client privilege to the December 7, 2000 e-mail.  Accordingly,

IT IS ORDERED that the Motion to Compel be GRANTED and that the December 7, 2000 e-mail be produced to Shell.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of March, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Johnson's affidavit states that "On December 7, 2000, I received an e-mail from Larry NeGron, Director of Petroleum Operations, requesting my presence at a meeting to be held with Pumpmasters and Total Containment on December 14, 2000." *See* Doc. 267, Exhibit C ¶ 4.