RECEIVED
IN LAKE CHARLES, LA
APR 2 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC. ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is Defendants, Jay Wright, Homer Holden and Tony Adamson's "Motion to Vacate the Court's Order Granting Leave to Amend the Complaint to Add Defendants Jay Wright, Tony Adamson, and Homer Holden, or, in the Alternative, to Continue Trial Date; Issue a New Scheduling Order; and Stay Discovery for Ninety Days: (doc. #259) and "Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction; 12(b)(6) Motion for Failure to State a Claim Upon Which Relief Can be Granted; and In the Alternative, Motion for a More Definite Statement" (doc. #260). Plaintiffs have filed their opposition to the motions, Defendants have filed their replies and the motions are ready to be decided. Because of the Court's ruling in favor of dismissing these defendants for failure to state a claim for which relief can be granted, we deem it unnecessary to address the first motion regarding vacating this Court's order granting leave to amend the complaint.

## FACTUAL STATEMENT

Brookshire Brothers is a chain of retail grocery stores located in East Texas and West Louisiana. At each of its grocery stores, the retailer operates and sells gas to consumers which requires the use of underground storage tanks ("tanks"). Complaint, ¶ 1. The surface gas pumps and

tanks are linked by flexible pipes allegedly manufactured, designed and assembled by TCI. Complaint, ¶ 3 Brookshire Brothers alleges that Dayco Products, Inc., Ticona Polymers, Inc., Shell Chemical, LP and Cleveland Tubing, Inc. participated in the design, manufacture and sales of the flexible pipe, and manufactured and supplied different component parts for use in TCI's flexible pipe. Complaint, ¶ 5.

Brookshire Brothers purchased the pipes manufactured by these defendants and installed it in virtually all of its seventy-eight (78) retail locations. Complaint, ¶ 6. Brookshire Brothers alleges that the underground inviroflex pipes leak, whereas, TCI maintains that the pipes are not the cause of the leaks. Brookshire Brothers asserts that the defective pipes have resulted in underground gas leaks causing the retailer to lose gasoline from the tanks, and further causing the gas stations to be shut down while the underground pipes were retrieved and replaced. Complaint, ¶ 10. Brookshire Brothers asserts that it has had to expend substantial monies in replacing the leaking pipes, and that TCI has refused to reimburse it or agree to replace the TCI pipes with non-leaking pipes. Brookshire Brothers further asserts that TCI replaced the leaking pipes with more TCI pipes that leaked, resulting in further successive damage. Complaint, ¶ 11.

In March 2004, TCI filed for protection under the bankruptcy laws, and all proceedings against TCI have been stayed by the United States Bankruptcy Court for the Eastern District of Pennsylvania, where the bankruptcy case is pending. In its Fourth Supplemental and Amended Complaint, Brookshire Brothers names as defendants, Jay Wright, Homer Holden and Tony Adamson, former employees of TCI and movants of the instant motion. Plaintiffs allege that these defendants represented that the flex-pipe systems would not leak and are seeking to make them personally liable.

## LAW AND ANALYSIS

*Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)*

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[1] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[2] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[4]

Brookshire Brothers maintains that the defendants, Jay Wright, Tony Adamson and Homer Holden, as executive officers of TCI, were involved in decisions to either sell and ship defective pipe to Louisiana and/or were involved in the numerous errant decisions to manufacture, design and sell the flexpipe on the commercial market. Brookshire Brothers avers that "[t]he defendants, Tony Adamson, Jay Wright, ... and Homer Holden were all individuals that failed to exercise reasonable

---

[1] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*. 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[3] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[4] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

3

care and were negligent for the reasons stated ... all of which failures being within the scope of duties of said officers, directors and employees that conducted business on behalf of [TCI]."[5]

Defendants argue that employees of a corporation can be held personally liable for torts committed while in the course and scope of their employment. Brookshire Brothers admits that these defendants were at all times acting in the course and scope of their employments with TCI. These Defendants maintain that Louisiana has a strong and long-standing policy of shielding officers, directors, and agents from liability for corporate debts citing *Unimobil 84, Inc. v. Spurney*.[6]

In recognizing Louisiana's policy of shielding officers and directors, the Fifth Circuit in *Unimobil* stated the following:

> The Louisiana Civil Code makes it clear that a corporation is a separate, distinct entity and the creditors of the corporation cannot demand payment of corporate debts from its officers. The following expression of this policy by the Louisiana Supreme Court in 1932 has been consistently followed:"Officers and directors are merely agents of the corporation, and, except for acts of malfeasance, are answerable to it alone. A creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty. (citations omitted)

The court notes that the *Unimobil* court rejected the plaintiff's reliance on *Canter v. Koehring Co.*,[7] a case Brookshire Brothers also relies upon, which held that an officer of a corporation could be held liable in tort for his personal negligence that resulted in bodily injury to a person. No bodily injury has been alleged in this case. Accordingly, as a matter of law, defendants Jay Wright, Tony Adamsom and Homer Holden as officers/employees of TCI cannot be held personally liable for the

---

[5] Fourth Supplemental and Amended Complaint at ¶ 88.

[6] 797 F.2d 214, 215 (5th Cir. 1986).

[7] 283 So.2d 716 (La.1973).

4

debts owed by TCI, and these defendants are entitled to a complete dismissal of the claims against them.

*Does this court have personal jurisdiction over these defendants?*

Even though the Court has determined that these defendants must be dismissed for failure to state a claim, the Court further finds that it lacks personal jurisdiction over defendants, Jay Wright, Tony Adamson and Homer Holden.

To exercise personal jurisdiction over a non-resident defendant, the non-resident defendant must be amenable to service of process under the law of the forum state, and the exercise of jurisdiction under state law must comport with the Due Process Clause of the Fourteenth Amendment.[8] If the forum state has enacted a long arm statute that extends to the limits of due process,[9] the Court need only determine whether the assertion of jurisdiction over the non-resident would be constitutionally permissible under the Due Process Clause.[10] The requirements of the Due Process Clause are satisfied if a non-resident's contacts with the forum state show that he has "purposefully avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws."[11] A non-resident's conduct and connection with the forum state must illustrate that "he should reasonably anticipate being haled into court in the forum state."[12]

---

[8] *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985).

[9] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624 (5th Cir. 1999).

[10] *Stuart*, 772 F.2d 1185, 1190.

[11] *Id.*

[12] *Id.*

*Contacts of Tony Adamson*

TCI's offices were located in Oaks, Pennsylvania. A vast majority of the flexpipe that was used in Brookshire Brothers' gas stations were sent directly from TCI's home office in Pennsylvania to Pump Masters, Inc. ("PMI") in Shreveport, Louisiana.[13]

Tony Adamson was Vice-President for Marketing and Sales and his duties included the oversight of the sales of flexpipe. Mr. Adamson wrote two letter to Leo Jones in Shreveport, Louisiana, pertaining to failed TCI pipe. He also responded to a warranty claim made by PMI regarding a pipe leak in Dayton, Texas and participated on a committee that decided whether TCI would honor certain warranty claims. Mr. Adamson sent a generic and unaddressed announcement by TCI to its customers regarding a new liner for TCI pipe. Mr. Adamson stated in his affidavit that he made telephone calls to Louisiana related to TCI, but that such calls were not continuous, systematic or regular, and he may have visited PMI's Shreveport office on one occasion.

The Court has reviewed the relevant facts regarding Mr. Adamson's contacts with the forum state. The existence of minimum contact depends on whether the non-resident "purposefully availed" himself of the forum state's benefits such that he should have reasonably foreseen that such a state would have haled him into court there.[14] The United States Supreme Court has declared that the purposeful availment requirement:

> ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, ... or the 'unilateral activity of another party or a third person,' .... Jurisdiction is proper, however, where the

---

[13] Pump Masters, Inc. was Brookshire Brothers' contractor that procured all of the TCI flexpipe and installed it in the sixty-eight gasoline stations that Brookshire Brothers owns and operates in East Texas and Southwest Louisiana.

[14] *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 567 (1980).

contacts proximately result from the actions by the defendant *himself* that create a 'substantial connection' with the forum state.[15]

The Court finds that Mr. Adamson did not have any meaningful contacts, ties or relations with or to Louisiana such that he purposefully availed himself of the privilege of conducting activities within this state, or invoked the benefit and protection of Louisiana's laws. Hence, this Court's exercise of personal jurisdiction over Mr. Adamson would violate the Due Process Clause of the Constitution.

*Contacts of defendant, Jay Wright*

Mr. Wright's duties as President[16] were to oversee and manage the day-to-day operations of manufacturing, sales and finances. Brookshire Brothers concedes that Mr. Wright's contacts with the forum state were less direct and purposeful as compared to Mr. Adamson. Therefore, the Court cannot exercise personal jurisdiction over Mr. Wright.

*Contacts of defendant, Homer Holden*

When a non-resident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the non-resident.[17] Brookshire Brothers has presented no evidence to establish the minimum contact of Homer Holden with the forum state. Accordingly, Brookshire Brothers has failed to meet its burden of establishing this Court's jurisdiction over Mr. Holden.

## **CONCLUSION**

---

[15] *Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174, 2185-84 (1985) (emphasis in original; citations and footnotes omitted).

[16] Prior to being President of TCI, Mr. Wright was Vice President of Operations and then Vice President of Sales, Marketing and Engineering.

[17] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

7

For the foregoing reasons the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) as to defendants, Jay Wright, Tony Adamson and Homer Holden will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of April, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE