## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC., ET AL** | : | **DOCKET NO. 04 CV 1150** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **TOTAL CONTAINMENT, INC., ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM ORDER

It is anticipated that one or more of the defendants will call Mr. Legier to testify as an expert, and that he will give opinions relative to Plaintiff's claims for loss of income. Pursuant to Fed.R.Civ.P. 26(a)(2)(B) Mr. Legier provided a written report that included, among other things, a listing of any other cases in which he had testified as an expert at trial or by deposition within the last four years. According to counsel, during Mr. Legier's deposition Mr. Legier identified three or four of these prior cases which had a "commonality of issues" with the present case. Counsel for Plaintiff asked Mr. Legier if he would produce a copy of any report issued in these select cases as well as a copy of any deposition testimony that was available. Opposing counsel instructed Mr. Legier not to respond. This dispute was one topic discussed during a June 27, 2006, telephone status conference. See 6/27/06 Minute Entry. In essence, defendants contend: (1) that no proper request for the information at issue has been made; and (2) the information is not discoverable. The latter contention will be addressed first.

Fed.R.Civ.P. 26(b)(1) provides, in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, that is relevant
to the claim or defense of any party . . . . For good cause, the court may order

discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

This court concludes that a request for Mr. Legier's reports and prior testimony in cases that he has indicated had issues in common with the present case is "reasonably calculated to lead to the discovery of admissible evidence." The potential value of such information for cross examination and possible impeachment is obvious. Rule 26(a)(2)(B)'s requirement that the expert provide a list of cases in which he has testified is an explicit recognition of this potential value. *See Ladd Furniture, Inc. v. Ernst & Young*, 1998 WL 1093901 (M.D.N.C. 1998). This information is discoverable.

The next objection raised is that Plaintiff has failed to properly request the documents through formal discovery. The parties have been fully heard on the issue presented here. This court fails to see what useful purpose is served at this point by requiring the Plaintiff to formally request the information sought. Rules 16 and 26 clearly provide this court with the authority to modify the disclosure requirements set out in Rule 26 by virtue of a case specific order. Accordingly, within 15 days of this date Shell Chemical LP will provide Plaintiff with copies of Mr. Legier's reports and deposition testimony relative to those cases identified in his deposition as having issues in common with the present case.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of July, 2006.

```
                            _____
                            ALONZO P. WILSON
                            UNITED STATES MAGISTRATE JUDGE
```