RECEIVED
IN LAKE CHARLES, LA
AUG 3 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction; Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim; and in the Alternative, Motion for a More Definite Statement" (doc. # 386) filed by defendant, James Lawrence, who moves this Court to dismiss the claims asserted against him for lack of personal jurisdiction, and/or for failure to state a claim upon which relief can be granted. Alternatively Movant urges this Court to dismiss the allegations against him for failing to comply with Fed. R. Civ. P. 8, or to require Plaintiffs to amend their Complaint to assert a more definite statement.

## FACTUAL STATEMENT

A factual statement was recited in the Memorandum Ruling issued on April 26, 2006 (doc. #330) and will not be restated herein. In its Fourth Supplemental and Amended Complaint, Brookshire Brothers names as defendant, James Lawrence, a former employee of TCI and movant of the instant motion. Plaintiffs allege that Mr. Lawrence represented that the flex-pipe systems would not leak and are seeking to make him personally liable.

## LAW AND ANALYSIS

*Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)*

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[1] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[2] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[4]

Brookshire Brothers maintains that the defendant, James Lawrence, as executive officer of TCI, was involved in decisions to either sell and ship defective pipe to Louisiana and/or were involved in the numerous errant decisions to manufacture, design and sell the flexpipe on the commercial market.[5]

Mr. Lawrence maintains that employees of a corporation cannot be held personally liable for

---

[1] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*. 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[3] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[4] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[5] Fourth Supplemental and Amended Complaint at ¶ 88.

torts committed while in the course and scope of their employment. Brookshire Brothers admits that Mr. Lawrence was at all times acting in the course and scope of their employments with TCI. Mr. Lawrence argues that Louisiana has a strong and long-standing policy of shielding officers, directors, and agents from liability for corporate debts citing *Unimobil 84, Inc. v. Spurney.*[6]

In recognizing Louisiana's policy of shielding officers and directors, the Fifth Circuit in *Unimobil* stated the following:

> The Louisiana Civil Code makes it clear that a corporation is a separate, distinct entity and the creditors of the corporation cannot demand payment of corporate debts from its officers. The following expression of this policy by the Louisiana Supreme Court in 1932 has been consistently followed:"Officers and directors are merely agents of the corporation, and, except for acts of malfeasance, are answerable to it alone. A creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty. (citations omitted)

The court notes that the *Unimobil* court rejected the plaintiff's reliance on *Canter v. Koehring Co.,*[7] a case Brookshire Brothers also relies upon, which held that an officer of a corporation could be held liable in tort for his personal negligence that resulted in bodily injury to a person. No bodily injury has been alleged in this case. Accordingly, as a matter of law, defendant, James Lawrence as officer/employee of TCI cannot be held personally liable for the debts owed by TCI, and is entitled to a complete dismissal of the claims against him.

*Does this Court have personal jurisdiction over Mr. Lawrence?*

Even though the Court has determined that this defendant must be dismissed for failure to state a claim, the Court further finds that it lacks personal jurisdiction over the defendant, James Lawrence.

To exercise personal jurisdiction over a non-resident defendant, the non-resident defendant

---

[6] 797 F.2d 214, 215 (5th Cir. 1986).

[7] 283 So.2d 716 (La.1973).

3

must be amenable to service of process under the law of the forum state, and the exercise of jurisdiction under state law must comport with the Due Process Clause of the Fourteenth Amendment.[8] If the forum state has enacted a long arm statute that extends to the limits of due process,[9] the Court need only determine whether the assertion of jurisdiction over the non-resident would be constitutionally permissible under the Due Process Clause.[10] The requirements of the Due Process Clause are satisfied if a non-resident's contacts with the forum state show that he has "purposefully avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws."[11] A non-resident's conduct and connection with the forum state must illustrate that "he should reasonably anticipate being haled into court in the forum state."[12]

TCI's offices were located in Oaks, Pennsylvania. A vast majority of the flexpipe that was used in Brookshire Brothers' gas stations was sent directly from TCI's home office in Pennsylvania to Pump Masters, Inc. ("PMI") in Shreveport, Louisiana.[13] Mr. Lawrence served as Vice President of Engineering for TCI from June 1, 1990 until May 31, 1992. From June 1, 1002 until June 29, 1993, he served as Executive Vice President of TCI. From June 30, 1993 until March 5, 1996, he served as President and Chief Operating Officer of TCI and served as a director. Mr. Lawrence resigned from

---

[8] *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985).

[9] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624 (5th Cir. 1999).

[10] *Stuart*, 772 F.2d 1185, 1190.

[11] *Id.*

[12] *Id.*

[13] Pump Masters, Inc. was Brookshire Brothers' contractor that procured all of the TCI flexpipe and installed it in the sixty-eight gasoline stations that Brookshire Brothers owns and operates in East Texas and Southwest Louisiana.

4

TCI effective March 1996 and has had no involvement with TCI since that time. While employed by TCI he concedes that he may have from time to time spoken to persons from Louisiana on the telephone. He admits that he has visited Louisiana three times to attend Mardis Gras, but never on behalf of TCI.

Having reviewed the relevant facts regarding Mr. Lawrence's contacts with the forum state, the Court finds that Mr. Lawrence did not have any meaningful contacts, ties or relations with or to Louisiana such that he purposefully availed himself of the privilege of conducting activities within this state, or invoked the benefit and protection of Louisiana's laws. Hence, this Court's exercise of personal jurisdiction over Mr. Lawrence would violate the Due Process Clause of the Constitution.

## CONCLUSION

For the foregoing reasons the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) as to defendant, James Lawrence, will be granted.

The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of August, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE