RECEIVED
IN LAKE CHARLES, LA
AUG 3 1 2006
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "First Financial Insurance Company's and Burlington Insurance Company's Motion for Summary Judgment" (doc. #394) wherein the movers seek a dismissal with prejudice of all claims pending against them in this litigation pursuant to Federal Rule of Civil Procedure 56(c).

## FACTUAL STATEMENT

Brookshire Brothers has brought the instant suit against Total Containment, Inc. ("TCI") and its insurers to recover for certain damages allegedly caused by defective Flexpipe designed, manufactured and distributed by TCI. Brookshire Brothers alleges that TCI, "acting through one or more of its Executive Officers, assured [Plaintiffs] that the Flexpipe was a quality product" that could be safely used for its intended purposes, but that such assurances were false because the Flexpipe had "design and manufacturing defects. . . which rendered it unfit for the purpose for which it was intended, and unreasonably dangerous in normal use.[1] Plaintiffs also allege that TCI

---

[1] Fifth Supplemental and Amended Complaint, ¶ 62-63.

and its Executive Officers knowingly or negligently misrepresented that the pipe was not defective and suppressed facts about the Flexpipe's "leaking and manufacturing defects."[2] Plaintiffs seek compensatory, punitive, and economic damages, including damages for the costs of replacing the "defective underground pipe."[3]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving

---

[2] *Id.* at ¶ 79.

[3] *Id.* at ¶ 106.

[4] Fed. R.Civ. P. 56(c).

[5] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2

party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

First Financial Insurance Company and Burlington Insurance Company ("First Financial") are alleged insurers of TCI and issued to TCI Comprehensive General Liability Policies and a Commercial Umbrella Liability Policy for the period from and after January 24, 2002. First Financial maintains that the insurance policies at issue unambiguously preclude any coverage for Brookshire Brothers claims against First Financial's alleged insureds, TCI and its Executive Officers.

First Financial argues that the Products Exclusion bars coverage for damages resulting from TCI's products, including any warranties or representations made or any failure to provide a warning about the product. Brookshire Brothers concedes that First Financial's motion should be granted to the extent that it pertains to TCI, but avers that the motion should be denied to the extent that the exclusion applies to the alleged liability of TCI's Executive Officers.

On April 26, 2006 this Court dismissed three of four TCI executive officers (Jay Wright, Tony Adamson and Homer Holden) named by Brookshire Brothers in the suit for failure to state a claim.[10] That Judgment is currently on appeal to the Fifth Circuit. A motion to dismiss the fourth executive officer, James Lawrence, is currently pending before the Court. Brookshire Brothers asks that the Court stay the issue of First Financial's coverage as to the executive officers pending this Court's ruling on Mr. Lawrence and the Fifth Circuit's ruling on this Court's Judgment dismissing

---

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[9] *Anderson*, 477 U.S. at 249-50.

[10] See doc. # 331.

3

the other three executive officers. Obviously, an alleged liability insurer can have no liability to plaintiffs if the executive officers have no liability to plaintiffs. Accordingly, the Court is inclined to stay this motion only to the extent of ruling on First Financial's liability coverage as to TCI's executive officers.

## CONCLUSION

Based on the foregoing, the motion for summary judgment (doc. #394) will be granted in part to the extent that the claims against First Financial Insurance Company and Burlington Insurance Company for the liability of TCI will be dismissed. The remaining part of the motion will be stayed as to the claims against First Financial Insurance Company and Burlington Insurance Company for the liability of TCI's executive officers.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of August, ~~July~~, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

4