RECEIVED
IN LAKE CHARLES, LA
AUG 3 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC, ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is "National Union's Motion for Summary Judgment to Dismiss Plaintiffs' Claims as Time-Barred and Barred by the Economic Loss Rule" (doc. #443) and a second "Motion for Summary Judgment" (doc. # 451) filed by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). In the first motion for summary judgment, National Union seeks to have the claims against it dismissed because they are prescribed and/or barred by the economic loss rule. In the second motion for summary judgment, National Union seeks to be dismissed with prejudice because (1) Plaintiffs have no cause of action against any Director or Officer of Total Containment, Inc. ("TCI"),(2) no claim was reported to it during the relevant policy period, and/or (3) assuming *arguendo* that a proper claim was made, the National Union policy excludes property damage.

### FACTUAL STATEMENT

This litigation involves a number of failures and/or leaks of underground Enviroflex pipe ("flexpipe"). The Plaintiffs, Brookshire Brothers, is a chain of retail grocery stores located in East Texas and West Louisiana. The retailer operates and sells gas to consumers at each of its grocery stores. The surface gas pumps and tanks are linked by flexible pipes allegedly manufactured, designed

and assembled by Total Containment, Inc. ("TCI")

Brookshire Brothers purchased the flexpipe manufactured by TCI from Pump Masters Inc. ("PMI") and had it installed in virtually all of its seventy-eight (78) retail locations. The systems are comprised of a network of "primary pipes" contained within larger "secondary pipes," which connect the underground fuel storage tanks to the above-ground fuel dispensers. The systems incorporate numerous other components, such as sumps, connectors, couplings, and fittings. The secondary pipe is intended to contain any fuel that escapes from the primary pipe, as well as to protect the primary pipe.

Brookshire Brothers alleges that the underground flexpipe leaks. Brookshire Brothers asserts that the defective pipes have resulted in underground gas leaks causing the retailer to lose gasoline from the tanks, and further causing the gas stations to be shut down while the underground pipes were retrieved and replaced.

On July 25, 2005, Brookshire Brothers filed a Fourth Supplemental and Amended Complaint naming National Union as a defendant. National Union issued the following policies to TCI:

(1)     Policy No. 482-81-57, effective 3/3/96 to 3/3/97 ("the 1996 Policy");

(2)     Policy No. 484-98-13, effective 3/3/97 to 3/3/98 ("the 1997 Policy");

(3)     Policy No. 861-24-98, effective 3/3/98 to 3/3/99 ("the 1998 Policy");

(4)     Policy No. 858-28-84, effective 3/31/99 to 3/31/01 ("the 1999 Policy")[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and

---

[1] National Union issued two subsequent policies: No. 872-89-03, effective 3/31/01 to 3/31/02 ("the 2001 Policy"), and Policy No. 511-65-83, effective 5/31/02 to 5/31/03 ("the 2002 Policy").

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[3] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[4] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[5] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[6] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[7]

## LAW AND ANALYSIS

*Are Brookshire Brothers' claims time barred (doc. #443)?*

National Union moves for summary judgment to dismiss the claims against it because they are time barred. National Union joins in the motion for summary judgment filed by Underwriters Laboratories, Inc., Shell Chemical LP, Dayco Products, Inc. and Mark IV Industries, Ltd.[8] National

---

[2] Fed. R.Civ. P. 56(c).

[3] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[7] *Anderson*, 477 U.S. at 249-50.

[8] Docs. #325, 334, 377, 353 and 440.

Union further adopts the Statement of Material Facts filed by Underwriters Laboratories, Inc., Shell Chemical LP, Dayco Products, Inc. and Mark IV Industries, Ltd.

For the reasons set forth in the Memorandum Ruling dated July 7, 2006 (doc. #481) and July 13, 2006 (doc. #497) the Court finds that Louisiana law applies to the issue of prescription, and all claims made prior to one year from the filing of suit - - August 15, 2002, have prescribed under Louisiana's one-year prescriptive period.

*Are Brookshire Brothers' claims barred by the Economic Loss Rule (doc. #443)?*

For the reasons set forth in the Memorandum Ruling dated July 7, 2006 (doc. #481), the economic loss rule is applicable to the negligence claims asserted by Brookshire Brothers for those injuries that occurred in Texas, however, because environmental pollution to land is damage to other property, the economic loss rule does not apply to damage to other property which includes land contamination in Texas. For those injuries that occurred in Louisiana, the economic loss rule does not apply.

*Does National Union's policy of insurance provide coverage (doc. #451)?*

National Union submits three different arguments as to why its policies provide no coverage for the alleged wrongful conduct of TCI's executive officers; (1) the Plaintiffs have no cause of action against any Director or Officer, (2) none of the policies National Union issued in which TCI responds to this matter provides coverage because no claim was made during any policy period for the wrongful act of a director or officer of TCI, and (3) even assuming a claim was made, claims for property damage are expressly excluded by the insurance policies. Brookshire Brothers concedes in their opposition to the motion for summary judgment[9] that National Union's policy contains a valid property

---

[9] Opposition brief, p. 3.

damage exclusion. Accordingly, the motion will be granted to the extent that National Union's policies contain a valid property damage exclusion and all of Brookshire Brothers' claims against National Union will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment dismissing Brookshire Brothers claims as time barred will be granted to the extent that all claims for injuries that occurred prior to August 15, 2002 have prescribed and will be dismissed; the motion for summary judgment barring Brookshire Brothers' pure economic loss will be granted in part to the extent that Texas law bars recovery for those damages that occurred in Texas, with the exception of damages to other property which includes land contamination in Texas, and denied in part to the extent that damages sustained in Louisiana are governed by Louisiana law and the economic loss rule does not apply; the motion for summary judgment dismissing Brookshire Brothers' claims against National Union will be granted to the extent that National Union's policies exclude coverage for property damage.

The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of August, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE