RECEIVED
IN LAKE CHARLES, LA
AUG 31 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC, ET AL** | : | **DOCKET NO. 04-1150** |
| VS. | : | JUDGE TRIMBLE |
| **TOTAL CONTAINMENT, INC., ET AL** | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion of Defendants, Jay Wright, Tony Adamson, and Homer Holden for Sanctions Under Rule 11" (doc. #452) wherein the movers are seeking sanctions against Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc. and Brookshire Brothers, Ltd. (collectively referred to as "Brookshire Brothers"). Brookshire Brothers opposes the motions. For the following reasons the motion for sanctions will be denied.

## FACTUAL STATEMENT

Brookshire Brothers amended their complaint to file a Fourth Supplemental and Amending Complaint which added the Movants as new parties. Brookshire Brothers alleged in their Complaint that these defendants, as directors and executive officers of Total Containment, Inc. ("TCI"), failed to exercise reasonable care and were negligent because they knew or should have known that the flexpipe at issue in this case was defective. Movants filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). On April 26, 2006, this Court granted Movants' motion to dismiss with prejudice. On May 23, 2006, Brookshire Brothers filed a Notice of Appeal. Movants maintain that Brookshire Brothers'

Amended Complaints were not supported by existing law or a good faith argument for modification or reversal of existing law and seek to have the Court award reasonable attorney fees under Rule 11 of the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

A Federal Courts may, upon motion, impose appropriate sanctions, including attorneys' fees and costs, on a party or attorney who files a pleading in violation of Federal Rule of Civil Procedure 11.[1] Rule 11 provides that when an attorney submits a pleading to the court, he certifies to the best of his knowledge, information, and belief that (1) the pleading is not interposed for any improper purpose, such as harassment, unnecessary delay, or increased costs of litigation; (2) the pleading is warranted by existing law or a good faith argument for modification or reversal of existing law; and (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.[2]

On April 10, 2006, counsel for Movants, notified counsel for Brookshire Brothers' by letter that their allegations, even if taken as true, failed to state a claim because of the jurisprudence holding that officers, executives, agents, and/or employees acting in the scope of their employment cannot be held *personally liable* for negligent acts or omissions in a commercial setting.

The Court has reviewed and considered the arguments and the law that has been briefed by the parties. Even though this Court disagrees with Brookshire Brothers' interpretation and or

---

[1] See *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).

[2] Fed. R.Civ. P. 11(b); *Childs v. State Farm Mutual Ins. Co.*, 29 F.3d 1018, 1023 (5th Cir. 1994).

2

extension of the case law cited regarding the duty, obligations and potential personal liability of executive officers, the Court does not find that Brookshire Brothers' actions regarding these defendants warrants sanctions under Rule 11. The Court is more inclined to believe that Brookshire Brothers took a position and attempted, albeit unsuccessfully, to distinguish the facts and circumstances of this case with those cited by Movants.

## **CONCLUSION**

Based on the foregoing, the motion for sanctions filed by defendants, Jay Wright, Homer Holden and Tony Adamson will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of August, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE