RECEIVED
IN LAKE CHARLES, LA

OCT 11 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING INC., ET AL** | : | **DOCKET NO. 04-1150** |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Dayco and Mark IV's Motion for Summary Judgment Dismissing Plaintiffs' Exemplary Damage Claims"(doc. #445), wherein the movers seek to dismiss Brookshire Brothers' claims for exemplary damages because Plaintiffs cannot prove the essential elements of their claim for exemplary damages. Brookshire Brothers opposes the motion. For the following reasons, the motion will be denied.

## FACTUAL STATEMENT

The facts of this case as to defendants, Dayco Product's L.L.C. and Mark IV Industries, Ltd. ("Dayco") were stated in the Memorandum Ruling dated September 26, 2006 (doc. #816) and will not be restated herein.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

## LAW AND ANALYSIS

In the Memorandum Ruling dated, September 26, , 2006, (doc. #816) this Court held that Texas law would apply to those injuries that occurred in Texas, and Louisiana law would apply to those injuries that occurred in Louisiana. For those same reasons, the Court will apply Texas law to those injuries that occurred in Texas, and Louisiana law to those injuries that occurred in Louisiana.

Brookshire Brothers has alleged in Count VI of their Fifth Supplemental and Amended Complaint that Dayco's conduct in designing, manufacturing and/or distributing the flexpipe, constituted a pattern of wanton, reckless, willful and gross negligence and/or malice that caused Plaintiffs damages and injuries. Brookshire Brothers specifically seeks punitive damages pursuant Chapter 41 of the Texas Civil Practice & Remedies Code.

Under Louisiana law, "punitive or other 'penalty' damages are not allowable unless expressly authorized by statute."[9] The Louisiana Products Liability Act provides the statutory framework for a products liability claim and does not authorize punitive damages.[10]

For the injuries that occurred in Texas, punitive damages are allowable if proven. Texas Civil Practice & Remedies Code § 441.003 provides in relevant part:

> a. Except as provided by Subsection (c), exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from:
>
> (1) Fraud;
> (2) Malice; or

---

[9] *Int'l Harvester Credit Corp. v. I.T. Seale*, 518 So.2d 1039, 1041 (La. 1988).

[10] See La.R.S. §§ 9:2800.51 - 9:2800.59 (2004).

* * *

b. The claimant must prove by clear and convincing evidence the elements of exemplary damages as provided by this section. The burden of proof may not be shifted to the defendant or satisfied by evidence of ordinary negligence, bad faith, or a deceptive trade practice.

c. If the claimant relies on a statute establishing a cause of action and authorizing exemplary in specified circumstances or in conjunction with a specified culpable mental state, exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the damages resulted from the specified circumstance or culpable mental state.

Texas Civil Practice & Remedies Code § 41.001(7)(B) defines malice as:

(7) 'Malice' means:

* * *

(B) an act or omission:
(i) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
(ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

Dayco maintains that the factual allegations made against it cannot support a finding of malice. In ¶ 100 of Plaintiffs' Fifth Supplemental and Amended Complaint, Plaintiffs allege that "defendants' conduct amounts to constitute a pattern of wanton, reckless, willful and gross negligence and/or malice that has resulted in damages and injuries ..." Brookshire Brothers argues that Dayco's actions in marketing its second generation pipe involved an extreme degree of risk of which Dayco was aware, but to which it was consciously indifferent. Brookshire Brothers submits that the following create a genuine issue of material fact for trial:

(1) Dayco knew from its experience with first generation pipe, that second generation flexpipe would

4

be used in a "wet" secondary containment system.[11]

(2) In January of 1995, Dayco knew that both water and gasoline were and would be present in TCI's secondary containment system.[12]

(3) Dayco knew that the polyether polyurethane outside layer of second generation hose had a low resistance to aromatic hydrocarbons like gasoline making it susceptible to degradation.[13]

(4) Dayco knew that the polyester polyurethane inner layer of second generation hose degraded when exposed to water.[14]

(5) The degradation of the polyether polyurethane and polyesther polyurethane layers of flexpipe at the Brookshire stations was a cause of the flexpipe leakage.[15]

Brookshire Brothers submits that even though Dayco was aware that both water and gasoline would be present in the secondary containment system, coupled with their knowledge of the degradation issues with polyester polyurethane and polyether polyurethane, Dayco continued production and sale of the primary flexpipe to Total Containment Inc. Brookshire Brothers argues that Dayco's conduct involved an extreme degree of risk for which Dayco had actual, subjective awareness, but which Dayco nevertheless proceeded to accept in conscious indifference to the rights,

---

[11] Exhibit 4 to Plaintiffs' opposition, pp. 4, 7-8, Exhibits 10 and 11 to Plaintiffs' opposition.

[12] Exhibit 7 to Plaintiffs' opposition, pp. 33-34, Exhibit 8 to Plaintiffs' opposition, and Exhibit 5 to Plaintiffs' opposition, pp. 91-92.

[13] Exhibit 7 to Plaintiffs' opposition, p. 33, line 4; Exhibit 9 to Plaintiffs' opposition.

[14] Exhibit 4 to Plaintiffs' opposition, p. 4.

[15] Exhibit 3 (opinions of Shell Experts Cassidy and Paul) to Plaintiffs' opposition, pp. 3 and 4.

safety and welfare of others. This Court's job is to determine whether there is a genuine issue of fact for trial.[16] Brookshire Brothers has presented summary judgment evidence to demonstrate that Dayco was aware that the secondary containment system frequently contained water and/or gasoline, the two polyurethane layers had a low resistance to gasoline and/or water and were susceptible to degradation which was a cause of the flexpipe's leaks. With that knowledge, Dayco continued to sell the flexpipe to Total Containment Inc. for use in the Enviroflex system. Whether or not this alleged conduct amounts to "malice" is a question for the jury to decide.

## CONCLUSION

Based on the foregoing, the motion for summary judgment filed by Dayco will be granted in part and denied in part. The motion to dismiss Brookshire Brothers' claim of punitive damages will be granted for those injuries that occurred in Louisiana, but will be denied for those injuries that occurred in Texas.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of October, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16] *Anderson, supra.*