RECEIVED
IN LAKE CHARLES, LA
OCT 1 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment on Behalf of Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company ("Liberty Mutual") to Dismiss Plaintiff's Claims as Time-Barred and Barred by the Economic Loss Rule" (doc. #447). Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc. and Brookshire Brothers, Ltd ("Brookshire Brothers") oppose the motion.

## FACTUAL STATEMENT

The facts of this case were stated in a Memorandum Ruling dated July 7, 2006 (doc. #481) and will not be restated herein.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or

---

[1] Fed. R.Civ. P. 56(c).

nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Liberty Mutual is the alleged liability insurer of Total Containment, Inc.[9] Liberty Mutual

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

[9] Plaintiffs' Fifth and Supplemental Complaint, ¶ 103.

moves the court to dismiss Brookshire Brothers' claims as time-barred and barred by the economic loss rule. Liberty Mutual adopts the memorandums in support of the motions for summary judgment filed by Underwriters Laboratories, Inc., Shell Chemical, LP, Dayco Products, Inc. and Mark IV Industries, Ltd. (docs. #325-2, 334-2, 377-2, 353-2, and 440). Liberty Mutual adopts the Statement of Material Facts filed by Underwriters Laboratories, Inc., Shell Chemical, LP, Dayco Products, Inc. and Mark IV Industries, Ltd. (docs. #325-3, 334-4, 377-4, 353-9, 440-4).

*Are Brookshire Brothers' claims time barred?*

For the reasons set forth in the Memorandum Ruling dated July 7, 2006 (doc. #481), the Court finds that all claims made prior to one year from the filing of suit – August 15, 2002, have prescribed under Louisiana's one-year prescriptive period.

*Is Brookshire Brothers' claims barred by the Economic Loss Rule?*

For the reasons set forth in the Memorandum Ruling dated July 7, 2006 (doc. #481), the Court finds that for those injuries that occurred in Texas, the economic loss rule is applicable to the negligence claims asserted by Brookshire Brothers, with the exception of damage to other property which includes Brookshire Brothers' claims for damages for environmental pollution to land.

For those injuries that occurred in Louisiana, the economic loss rule does not apply.

## **CONCLUSION**

Based on the foregoing, the motion for summary judgment dismissing Brookshire Brothers' claims as time barred will be granted to the extent that all claims for injuries that occurred prior to August 15, 2002 have prescribed and will be dismissed; the motion for summary judgment barring Brookshire Brothers' pure economic losses will be granted in part to the extent that Texas law bars recovery for those damages that occurred in Texas, with the exception of damages to other property

which includes land contamination in Texas, and denied in part to the extent that damages that occurred in Louisiana are governed by Louisiana law and the economic loss rule does not apply.

The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure. The Court is of the opinion that the decision rendered in this matter as to the issue of prescription involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Hence, pursuant to Rule 1292 (b) of the Federal Rules of Civil Procedure the Court grants a certificate of appealability. The appealing party shall have ten days from the entry of this order to file a petition for permission to appeal to the United States Court of Appeals for the Fifth Circuit.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of October, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE