RECEIVED
IN LAKE CHARLES, LA
OCT 1 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Dayco and Mark IV's ("Dayco")Motion for Summary Judgment Dismissing Plaintiffs' Breach of Implied Warranty of Fitness and Merchantability Claims under Texas Law" (doc. # 449) wherein the movers seek to have Plaintiffs' breach of implied warranty of fitness and merchantability dismissed because they have prescribed pursuant to the statute of limitations set forth in Texas Business and Commerce Code § 2.725.

## FACTUAL STATEMENT

This litigation involves a number of failures and/or leaks of underground Enviroflex pipe ("flexpipe"). The Plaintiffs, Brookshire Brothers, is a chain of retail grocery stores located in East Texas and West Louisiana. The retailer operates and sells gas to consumers at each of its grocery stores. The surface gas pumps and tanks are linked by flexible pipes allegedly manufactured, designed and assembled by Total Containment, Inc. ("TCI").

Brookshire Brothers purchased the flexpipe from Pump Masters, Inc. ("PMI") and had it installed in virtually all of its seventy-eight (78) retail locations. The systems are comprised of a network of "primary pipes" contained within larger "secondary pipes," which connect the

underground fuel storage tanks to the above-ground fuel dispensers. The systems incorporate numerous other components, such as sumps, connectors, couplings, and fittings. The secondary pipe is intended to contain any fuel that escapes from the primary pipe, as well as to protect the primary pipe.

Brookshire Brothers alleges that the underground flexpipe leaks. Brookshire Brothers asserts that the defective pipes have resulted in underground gas leaks causing the retailer to lose gasoline from the tanks, and further causing the gas stations to be shut down while the underground pipes were retrieved and replaced.

Brookshire Brothers alleges that Dayco participated in the design, manufacture and sales of the flexpipe. As a result of these alleged leaks, Brookshire Brothers seeks to recover damages including economic loss and the cost to repair and replace the flexpipe.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[2] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[3] The burden requires more than mere allegations or

---

[1] Fed. R.Civ. P. 56(c).

[2] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

2

denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[4] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[5] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

## LAW AND ANALYSIS

In Count III of their Fifth Supplemental and Amended Complaint, Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc. and Brookshire Brothers, Ltd ("Brookshire Brothers") have alleged against Dayco claims of redhibition and/or for breach of implied warranty of fitness and merchantability. Dayco maintains that under Texas law, all of Brookshire Brothers' claims for breach of implied warranty of merchantability and fitness are time barred.

This Court has already ruled on the prescription issue concerning Brookshire Brothers claims against Dayco. After an analysis of the conflict of law articles for the forum state, the Court determined that Louisiana's prescription and peremption laws applies. See Memorandum Ruling and Judgment dated, July 13, 2006. For the reasons set forth in that Ruling and Judgment, the Court found that all claims prior to one year from the filing of suit – August 15, 2002, have prescribed under Louisiana's one-year prescriptive period.

## CONCLUSION

Based on the foregoing, the motion for summary judgment to dismiss Plaintiffs' claims of

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Anderson*, 477 U.S. at 249-50.

breach of implied warranty of fitness and merchantability claims will be denied as moot.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of October, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE