RECEIVED
IN LAKE CHARLES, LA
OCT 11 2006
Pam
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING INC.,ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING AND ORDER

Before the Court is "Cleveland Tubing, Inc.'s Motion to Strike Sections of Plaintiffs' Response Brief in Opposition to Travelers' and New Hampshire's Motions for Summary Judgment, or in the Alternative, to File a Reply Brief" (doc. #725), "Cleveland Tubing, Inc.'s Amended Motion to Strike Sections of Plaintiffs' Response Brief in Opposition to Travelers' and New Hampshire's Motions for Summary Judgment, or in the Alternative, to File a Reply Brief" (doc. #760), a "Motion to Strike" (doc. #779) filed by Travelers Property Casualty Company of America ("Travelers") and "Plaintiffs' Motion to Strike Travelers' Motion to Strike (Document 779)" (doc. #796).

## PROCEDURAL HISTORY

Cleveland Tubing, Inc. ("Cleveland") has moved the Court to enter summary judgment on its behalf. The briefing of that motion has been completed. The deadline for filing dispositive motion was extended; Travelers and New Hampshire Insurance Company ("New Hampshire"), as Cleveland's direct action insurers, filed motions for summary judgments after Cleveland's briefing period was complete. Travelers and New Hampshire adopted Cleveland's motion in their motions. In its opposition to Travelers' and New Hampshire's motions, Brookshire Brothers filed as an exhibit, an Affidavit by one of their experts, Dr. John Fellers. Brookshire Brothers stated in its

opposition to the motions by Travelers and New Hampshire, that the Fellers Affidavit was being submitted in opposition both to the motions by the insurers and in opposition to Cleveland's motion for summary judgment. Cleveland filed the instant Motion to Strike, to have the Fellers Affidavit stricken, or in the alternative to re-depose this expert. Travelers has since also filed a motion to strike the Affidavit, but New Hampshire has not. Finally, Brookshire Brothers has filed a motion to strike Travelers' motion to strike.

## LAW AND ANALYSIS

*Motion to strike the motion to strike*

Brookshire Brothers maintains that Traveler's motion to strike (doc. #779) is untimely pursuant to Federal Rule of Civil Procedure 12(f).[1] Plaintiff states that its certificate of service to all counsel of record was dated August 17, 2006. Travelers' motion to strike was filed on September 12, 2006 at 6:00 p.m. Brookshire Brothers argues that because the 20 day period of time for filing motions to strike has expired, Travelers' motion is untimely. Brookshire Brothers then concedes that the Fellers Affidavit was not actually served upon Travelers until August 23, 2006. However, Brookshire Brothers argues that because Travelers was aware of the Fellers Affidavit, such knowledge is equivalent to "service" within the meaning of Rule 12(f). Finally, Brookshire Brothers asserts that the 6:00 p.m., September 12, 2006 filing did not take place until September 13, 2006. Brookshire Brothers cites no authority for its proposition that knowledge is equivalent to "service",

---

[1] Rule 12 (f) provides the following regarding a motion to strike:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

2

nor does it provide this Court with any rule that states that a 6:00 p.m. filing is considered to be filed on the next day's date. Travelers was served with the Fellers' Affidavit on August 23, 2006. Travelers filed its motion to strike on September 12, 2006, twenty days from service. Hence, Travelers' motion is timely.

*Cleveland and Travelers' motions to strike*

Both defendants, Cleveland and Travelers seek to strike Exhibit G, the supporting affidavit of Dr. John Fellers dated August 15, 2006 which was attached to Plaintiffs' opposition to the motions for summary judgment by New Hampshire and Travelers. These defendants also seek to strike portions of said oppositions.[2] Defendants maintain that the Fellers Affidavit asserts new evidence and arguments which if allowed to be used to supplement their opposition to the Cleveland motion for summary judgment, Brookshire Brothers failed to seek leave of court to supplement said opposition. Defendants argue that Plaintiffs are attempting to create disputed issues of fact to defeat Cleveland's motion for summary judgment. Alternatively, Cleveland moves for leave of court to re-depose Dr. Fellers and for leave to file a memorandum of law following the deposition to address the new issues raised by Brookshire Brothers.

Brookshire Brothers maintains that the Fellers Affidavit only reiterates statements made in the lengthy expert report authored by Fellers and his colleague, Dr. Robert Benson. In their willingness to compromise the issues, Brookshire Brothers suggests that if we allow any further deposition testimony, that the order should limited in scope and duration and that Brookshire Brothers be allowed to depose Catherine Boettner, Cleveland's chief executive. Brookshire Brothers notes that because New Hampshire did not file a motion to strike the Fellers Affidavit, it will stay

---

[2] Defendants seek to strike sections 1 and 10 of Plaintiffs' response (doc. #691).

3

in as evidence in opposition to New Hampshire's motion for summary judgment.

The trial of this matter is currently set for June 11, 2007. Thus, their would be no prejudice to these parties to allow limited discovery in re-deposing both Dr. Fellers and Mrs. Boettner. According, it is

ORDERED that the motion to strike Travelers' motion to strike (doc. #796) is hereby **DENIED.**

IT IS FURTHER ORDERED that the motions to strike (as amended) filed by Cleveland and Travelers (doc. #725, 760, 779) are hereby **DENIED.**

IT IS FURTHER ORDERED that: Defendants, Cleveland, Travelers and New Hampshire be allowed to re-depose Dr. Fellers for one hour, limited in scope to the declarations made in the August 15th, 2006 Fellers Affidavit; Brookshire Brothers be allowed to re-depose Mrs. Boettner for one hour, limited in scope to the declarations made in her Affidavit; the parties may file one supplemental brief limited to ten (10) pages to any of the three pending motions for summary judgments (docs. #453, 546, 555). The depositions of Dr. Fellers and Mrs. Boettner are to be taken within thirty days of this order and the supplemental briefs shall be filed no later than 10 days from the last deposition taken.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of October, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

4