RECEIVED
IN LAKE CHARLES, LA
OCT 1 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Commerce & Industry Insurance Company of Canada's ("Commerce") Motion for Summary Judgment Against Plaintiffs as to Prescription and the Economic Loss Rule" (doc. #468) wherein the movers seek to have the claims made against them dismissed because either they are barred by the statute of limitations and/or by the economic loss rule. Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc. and Brookshire Brothers Ltd. ("Brookshire Brothers") opposes the motion.

## FACTUAL STATEMENT

This litigation involves a number of failures and/or leaks of underground Enviroflex pipe ("flexpipe"). The Plaintiffs, Brookshire Brothers, is a chain of retail grocery stores located in East Texas and West Louisiana. The retailer operates and sells gas to consumers at each of its grocery stores. The surface gas pumps and tanks are linked by flexible pipes allegedly manufactured, designed and assembled by Total Containment, Inc. ("TCI").

Brookshire Brothers purchased the flexpipe from Pump Masters, Inc. ("PMI") and had it installed in virtually all of its seventy-eight (78) retail locations. The systems are comprised of a

network of "primary pipes" contained within larger "secondary pipes," which connect the underground fuel storage tanks to the above-ground fuel dispensers. The systems incorporate numerous other components, such as sumps, connectors, couplings, and fittings. The secondary pipe is intended to contain any fuel that escapes from the primary pipe, as well as to protect the primary pipe.

Brookshire Brothers alleges that the underground flexpipe leaks. Brookshire Brothers asserts that the defective pipes have resulted in underground gas leaks causing the retailer to lose gasoline from the tanks, and further causing the gas stations to be shut down while the underground pipes were retrieved and replaced.

Brookshire Brothers alleges that Commerce as insurer of TCI is liable under four insurance policies for costs Brookshire Brothers incurred due to the allegedly defective flexpipe TCI manufactured. Commerce may only be held liable to the extent that TCI is found liable.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a

---

[1] TCI is in bankruptcy and has been granted a stay from any relief being sought in this lawsuit.

[2] Fed. R.Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

*Are Brookshire Brothers' claims barred by prescription or the statute of limitations?*

Commerce maintains that under either the Texas statute of limitations or Louisiana's prescriptive period, all of Brookshire Brothers' claims are time barred. Commerce adopts and submits the Statement of Undisputed Facts filed by Underwriters Laboratories, Inc., Shell Chemical

---

[4] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[5] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson*, 477 U.S. at 249.

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[9] *Anderson*, 477 U.S. at 249-50.

3

LP, Dayco Products, Inc. and Mark IV Industries, Ltd, Nation Union Fire Insurance Company of Pittsburgh, Pa., Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company. For the reasons set forth by this Court in its Memorandum Ruling dated July 7, 2006, (doc. #481) the Court finds that the motion to dismiss Brookshire Brothers' claims as time barred will be granted to the extent that all claims for injuries that occurred prior to August 15, 2002 have prescribed and will be dismissed.

*Are Brookshire Brothers negligence claims barred by the economic loss rule?*

In the Memorandum Ruling dated July 7, 2006, (doc. #481) this Court held that (1) Texas law would apply to the injuries that occurred in Texas, (2) Louisiana law would apply to the injuries that occurred in Louisiana, (3) the motion for summary judgment to dismiss Plaintiffs' negligence claims would be granted in part to the extent that Texas law bars recovery for those damages that occurred in Texas, with the exception of damages to other property which includes land contamination in Texas, and (4) the economic loss rule does not apply to those injuries that occurred in Louisiana. Brookshire Brothers has submitted a supplemental memorandum asserting that it has discovered case law that would support its argument that Texas law allows a party to sue the manufacturer for economic loss in tort if there is damage to the product itself and to "other property."[10] Brookshire Brothers cites *East River Steamship Corp., et al v. Transamerica Delaval Inc.*,[11] *Signal Oil and Gas Co. v. Universal Oil Products*,[12] and *Two Rivers Company v. Curtis*

---

[10] Plaintiffs' supplement opposition brief, p. 4.

[11] 476 U.S. 858 (1986).

[12] 572 S.W.2d 320 (Tex. 1978).

4

*Breeding Service.*[13] Brookshire argues that because there is environmental damage to its other property caused by the defective product, Brookshire Brothers is able to bring a tort claim with regard to the damage to the product itself and to other property. Brookshire Brothers correctly asserts that *East River, supra* is the seminal case that serves as the basis for the adoption of the economic loss rule in Uniform Commercial Code states. *East River* held that damage to the product itself is recoverable under warranty from the manufacturer stating:

> While giving recognition to the manufacturer's bargain, warranty law sufficiently protects the purchaser by allowing it to obtain the benefit of its bargain. The expectation damages available in warranty for purely economic loss give a plaintiff the full benefit of its bargain by compensating for forgone business opportunities.[14]

Brookshire Brothers then argues that in *Two Rivers, supra,* and *Signal, supra,* damages are allowed to the damaged product itself and to other property when the defective product causes damage to other product. Brookshire Brothers points to the following excerpt from *Two Rivers* to support its argument:

> The fourth type of loss is a hybrid involving physical harm to a plaintiff's other property as well as to the product itself. This fact pattern was presented in Signal Oil where a defective isomax reactor charge heater exploded. The explosion and ensuing fire at Signal Oil's Houston refinery destroyed not only the heater, but also a significant portion of the refinery (other property). It is clear that the damage to the refinery presents a strict liability cause of action under section 402A since the buyer is entitled to recover for damage to his other property. But the court went even further and held that:
> (W)here such collateral property damage exists in addition to damage to the product itself, recovery for such damages are recoverable under Section 402A of the Restatement (Second) of Torts as damage to property or under the Texas Business and Commerce Code, Section 2.715, as consequential damages for breach of an implied warranty. To the extent that the product itself has become part of the

---

[13] 624 F.2d 1242 (5 Cir. 1980), *cert. denied,* 450 U.S. 920 (1981).

[14] *East River,* 476 U.S. at 873. (citations omitted).

5

accident risk or the tort by causing collateral property damage, it is properly considered as part of the property damages, rather than as economic loss.

> Therefore if both the product and other property are damaged, a plaintiff has a cause of action under strict liability and the U.C.C. (citations omitted)[15]

Thus, Brookshire Brothers maintains that Texas law clearly allows recovery to the defective product itself and the other property under a strict liability theory where the defective product caused damage to itself and other property. Brookshire Brothers then cites *Mercer v. Lang Mfg. N.C., Inc.*,[16] to further buttress its position. This case involved damage to the product itself and damage to other property (peanuts). In *Mercer*, the court reversed the jury's verdict because the damage instruction incorrectly included damages for economic loss consisting of the difference in value in the defective machine as warranted and as received, profits and crops lost due to the inability to harvest when the machine was not functioning, and the cost of repairs to the combine. *Mercer* involved the sale of a peanut combine that was defective. The buyer brought an action against the manufacturer under theories of breach of warranty, violation of Texas Deceptive Trade Practices-Consumer Protection Act, and strict liability. The buyer sought recovery for: (1) the difference in value between the machine as warranted and as received, (2) costs of interim repairs to the machine, and (3) damage to crops.

The jury found for the buyer as to both the breach of warranty and strict liability claims. Because of the jury's inconsistent answers regarding the breach of warranty claim and a violation

---

[15] *Two Rivers*, 624 F.2d at 1246-1247.

[16] 665 F.2d 61 (5th Cir. 1982).

6

of the DTPA,[17] the appeal court remanded these issues back to the trial court. Hence, only the claim of strict liability was upheld.

Crop damage included three elements (i) deterioration of the crop during the time the machine was not functioning, (ii) loss of marketable hay, and (iii) a loss of a portion of the peanut crop which resulted from the combine's dropping peanuts on the ground and splitting the shells. The court noted that elements (i) and (ii) were "economic loss, recoverable if at all under the U.C.C. for breach of warranty and consequential losses. Element (iii) [damaged peanuts] is that which would form the basis of strict liability, damage to "other property."[18]

After a complete and thorough analysis of *Two Rivers, supra, Signal Oil and Gas, supra,* and *Nobility Homes of Texas, Inc. v. Shivers,*[19] the appeals court found, among other things that the trial court erroneously instructed the jury as to damages recoverable by the buyer. The court found that under the theory of strict liability, the award of damage was in error because it included economic loss – the difference in value in the machine as warranted and as received, the profits on the crops lost due to inability to harvest and interim repairs. The Court specifically found that the instructions given to guide the jury in fixing the single dollar figure for all damages included some elements which were strictly economic loss not recoverable under strict liability and some recoverable under strict liability. The jury instruction was incorrect because it allowed the jury to include damages for economic loss contrary to Texas case law on strict liability. The Court finds

---

[17] The Texas Deceptive Trade Practices-Consumer Protection Act makes unlawful false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

[18] *Mercer,* 665 F.2d at 64. *FN7.

[19] 557 S.W.2d 77, 78 n.1 (Tex. 1977).

7

no merit to Brookshire Brothers' argument that when there is damage to the product itself and other property, tort claims lie for full recovery of the plaintiffs' damages. As consistently held in all of the aforementioned cases, strict liability in Texas has been defined to cover personal injuries and physical injuries to a consumer's other property caused by an unreasonably dangerous product.[20] Damage to a product itself is most naturally understood as a warranty claim. Such damage means simply that the product has not met the customer's expectations, or, in other words, that the customer has received "insufficient product value."[21] The maintenance of the product value and quality is precisely the purpose of express and implied warranties.[22]

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in part and denied in part. The motion to dismiss all of Brookshire Brothers' claims as time barred will be granted to the extent that all claims for injuries that occurred prior to August 15, 2002 have prescribed and will be dismissed; the motion to dismiss Brookshire Brothers' negligence claims because they are barred by the economic loss rule will be granted to the extent that Texas law bars recovery for those damages that occurred in Texas, with the exception of damages to other property which includes land contamination in Texas, and denied to the extent that damages sustained in Louisiana are governed by Louisiana law and the economic loss rule does not apply.

The Court determines that there is no just reason for delay and will direct entry of final

---

[20] *Two Rivers*, 624 F.2d at 1248.

[21] See White and R. Summers, Uniform Commercial Code 406 (2d ed. 1980).

[22] See UCC § 2-313 (express warranty), § 2-314 (implied warranty of merchantability), and § 2-315 (warranty of fitness for a particular purpose).

8

judgment under rule 54(b) of the Federal Rules of Civil Procedure. The Court is of the opinion that the decision rendered in this matter as to the issue of prescription involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Hence, pursuant to Rule 1292 (b) of the Federal Rules of Civil Procedure the Court grants a certificate of appealability. The appealing party shall have ten days from the entry of this order to file a petition for permission to appeal to the United States Court of Appeals for the Fifth Circuit.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of October, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE