U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 24 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL. | : | NO. 2I04CV1150 |
| VERSUS | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |
| | : | JURY TRIAL |

## ORDER

IT IS HEREBY ORDERED that the following Memorandum Rulings and Judgments are amended to include the following designation pursuant to 28 U.S.C. Sec. 1292(b), that

1. Memorandum Ruling (Doc #481) and its Judgment dated July 7, 2006 (Doc. # 482);

2. Memorandum Ruling (Doc #497) and its Judgment dated July 13, 2006 (Doc. # 498);

3. Memorandum Ruling (Doc #726) and its Judgment dated August 31, 2006 (Doc. # 727);

4. Memorandum Ruling (Doc #734) and its Judgment dated August 31, 2006 (Doc. # 735) made final by designation Order dated September 8, 2006 (Doc. #770);

5. Memorandum Rulings (Doc #736-1 and #736-2) and their Judgment dated August 31, 2006 (Doc. # 737);

6. Memorandum Ruling (Doc #740) and its Judgment dated September 1, 2006 (Doc. # 741);

7. Memorandum Ruling (Doc #816) and its Judgment dated September 26, 2006 (Doc. # 817);

8. Order (Doc. #766) denying Brookshire Brothers Holding, Inc., et al's Motion for Relief Under Rule 59 (doc. #558)

all involve two controlling questions of law: (1) whether this court erred in utilizing Texas law to determine the liability of the defendants for damage to "the product itself" with respect to Flexpipe installed in Brookshire's Texas stations; and (2) if the answer to (1) is "no," whether this court erred in finding that the Texas "economic loss rule" precludes tort recovery for damage to the "product itself," when both the "product itself" and "other property" have been damaged by product defect.

The Court hereby grants the Motion for Certification and expressly finds pursuant to 28 U.S.C. Sec. 1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure, that the Court's Judgments and Memorandum Rulings listed above involve both of the controlling issues of law set forth above, that there is substantial ground for difference of opinion as to the aforementioned memorandum rulings and judgments and that an immediate appeal from the aforementioned judgments, as authorized by 28 U.S.C. Sec. 1292(b), may materially advance the ultimate termination of the litigation.

Pursuant to 28 U.S.C. Sec. 1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure, Brookshire Brothers Holding Inc., et al., shall have ten days from the entry of this Order to file a Petition for Permission to Appeal in the United States Court of Appeals for the Fifth Circuit.

Lake Charles, Louisiana, this 24th day of October, 2006.

_____
U.S. District Judge