RECEIVED
IN ALEXANDRIA, LA
DEC 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC.,** *et al.,* | **CIVIL ACTION NO.04-1150** |
| **-vs-** | **JUDGE TRIMBLE** |
| **TOTAL CONTAINMENT, INC., *et al.,*** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment as to Environmental Damages [Doc. # 543] filed by defendant, Commerce & Industry Insurance Company ("C & I"). For the reasons discussed below, this motion will be GRANTED.

### I.    Background

Plaintiffs, Brookshire Brothers Holding, Inc., et al., ("Brookshire Brothers") operate a chain of retail grocery stores in Eastern Texas and Western Louisiana. Each of these retail locations also contains a gas station, which sells gasoline for consumer use. Each gas station stores its supply of fuel in underground tanks, linked with the consumer pumps by a system of flexible pipes allegedly manufactured, designed and assembled by Total Containment, Inc. ("TCI"), a named defendant in this litigation. Plaintiff's Complaint at ¶ 1, 3.

Brookshire Brothers filed the instant suit on August 15, 2003 seeking damages caused by what it alleges are product defects in the flexible pipe it bought from TCI. Specifically, Brookshire Brothers alleges that this flexible pipe leaked gasoline into the ground and that this leak caused losses to include the costs associated with cleaning up the sites where

gasoline is alleged to have leaked from the flexible pipe. Brookshire Brothers seeks such "environmental damages" from both the pipe that it has already replaced, as well as that which it anticipates having to replace in the future. Doc. # 59, Plaintiff's Second Amended Petition.

C & I issued four (4) claims-made policies for the benefit of TCI[1]. These policies were effective from January 24, 1989 until December 24, 2002. C & I filed the instant motion seeking summary judgment as to its liability for environmental damages under the contracts of insurance negotiated with TCI. Specifically, C & I claims that prescription forecloses remedies sought by plaintiffs and that other such claims are excluded by the policy dates themselves. Brookshire Brothers contends that certain policy language mandates coverage.

## II. Discussion

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)*. A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." *Anderson, 477 U.S. at 248.* A dispute about a material fact is "genuine" if the evidence is such that a

---

[1] No. 546-85-09, effective June 30, 1999 - June 30, 2000; No. 546-87-45, effective June 30, 2000 - June 30, 2001; No. 546-89-97, effective June 30, 2001 - June 30, 2002; and No. 546-93-58, effective June 30, 2002 - June 30. 2003.

reasonable jury could return a verdict for the non-moving party. *Id.*; *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. *Matsushita*, 475 U.S. at 586; *Pennington v. Vistron Corp.*, 876 F.2d 414, 426 (5th Cir. 1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1996).

B.     Deemer Clause

Brookshire Brothers bases its opposition to the instant motion, in part, on language contained in the insurance contracts ("contracts") negotiated between C & I and TCI which we will refer to as "deemer clauses." The language upon which Brookshire Brothers relies is as follows:

"all claims for damages because of 'property damage'

> causing loss to the same person or organization will be
> deemed to have been made at the time the first of those
> claims is made against any insured."

Brookshire Brothers contends that this language is taken from the ISO CG 00 02 11

85 "Claims Made" form, contained in McKenzie and Johnson's *Treatise* at pages 838, *et seq.*

The ISO deemer clause inserts the phrase "as a result of an occurrence" after "organization."

The result is as follows:

> "all claims for damages because of 'property damage'
> causing loss to the same person or organization *as a result*
> *of an occurrence* will be deemed to have been made at the
> time the first of those claims is made against any insured."

Brookshire Brothers avers that the omission of the italicized phrase in C & I's policies has

the effect of expanding coverage so that all claims it might make are deemed filed at the time

that any claim by it was first filed during the effective policy period. We do not agree.

Contracts constitute the law as between the parties who negotiated them. Pareti v.

Sentry Indemnity Co., 536 So.2d 417 (La. 1988). In interpreting a contract of insurance, the

Court is determining the intent of the parties. LA. C.C. ART. 2045. In interpreting the

insurance contract currently at issue before this Court, we must abide by the provision of LA.

C.C. ART. 2049, which provides that:

> "a provision susceptible of different meanings
> must be interpreted with a meaning that renders
> it effective and not with one that renders it ineffective."

Section 1(B)(1) of each of the claims-made general liability policies issued by C & I

to TCI specifies that insurance coverage is only extended to "property damage" or "bodily

injury" caused by an "occurrence" that takes place within the "coverage territory." An

"occurrence" is defined, in the same policies, as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" is defined, in the policies, as physical injury or loss of use to tangible property or loss of use of tangible property which is not physically injured. Section VI, C & I Policies.

Applying the maxims of contract interpretation discussed above, we find that the policies before the Court do not begin to provide coverage until such time as there is an "occurrence," which must necessarily happen within the applicable policy period. Were we to interpret the deemer clause as suggested by plaintiffs in this case, we would render Section 1(B)(1), found under the "Coverage" section of the policy, without meaning, as the deemer clause would destroy the necessity of an occurrence to trigger coverage. We cannot reach such a result, as it is unreasonable to assume that the intent of C & I was to contract with TCI for insurance which has a beginning, but no end. Insurers are paid for their coverage and, realistically, do not provide infinite coverage for the price of a single year's premium. A more reasonable interpretation, and the one we find applicable here, is that the deemer clause provides a mechanism whereby claims based on an occurrence within the policy period may relate back to the date of the initial filing of the first claim based on that single occurrence. We find that such result respects the primary and fundamental trigger of coverage, the "occurrence," while still providing expanded reporting and recovery under certain circumstances.

C.    Prescription of Claims

Plaintiffs filed the instant suit against TCI and its insurer, C & I, on August 15, 2003. The claims asserted against these defendants are those of negligence, to which Louisiana's

5

one-year liberative prescriptive period applies. LA. C.C. ART. 3492. Accordingly, we now find that all claims against C & I and its insured not filed as of August 15, 2002 are prescribed and, as such, cannot be maintained within the instant suit.

Neither party has adequately briefed, within the context of the present motion, the issue of what environmental damages are payable or what proof exists that any such damages can be related to claims made within the policy period. In order for claims of this nature to be properly considered within the framework of this litigation, plaintiffs must first prove that a primary claim based on an occurrence was filed within the policy period (January 24, 1989 - December 24, 2002). Next, plaintiffs must also demonstrate that these claims formed the basis of a lawsuit filed within the prescriptive period (August 15, 2002). In requiring plaintiffs to fulfill the two preceding criteria, we emphasize the difference between filing a proper insurance claim (governed by the contract of insurance) and filing a proper negligence suit (governed by applicable state prescriptive periods).

Based on the reasoning above, this Court finds that C & I is entitled to summary judgment that it shall not be held liable for environmental damage claims occurring before the retroactive date (January 24, 1989). We note that plaintiffs do not dispute this retroactive date or its effect. Doc. # 623, p. 2. We further find that claims for environmental damage occurring after December 24, 2002 may be eligible for insurance coverage if such claims are proven to arise from an occurrence on which a claim was properly filed within the policy period. Given, again, the lack of summary judgment evidence offered by either party, we find that summary judgment is improper as to individual claims and must be proven at trial.

## III.    Conclusion

6

This Court finds that the deemer clause present in the contracts of insurance issued by C & I to TCI does not alleviate the fundamental necessity of a claim based on an "occurrence" within the policy period, as such a claim is the very trigger of insurance to begin with. To read the deemer clause otherwise would render the triggering mechanism of the policies meaningless. Claims against C & I, as the insurer of TCI, not made on or before August 15, 2002 have prescribed. C & I, as an insurer, cannot be held liable under the policies before this Court, for amounts that its insured, TCI, cannot be legally obligated to pay. Plaintiffs' claims are those of negligence and, as such, are subject to a one-year prescriptive period. As prescription tolls for the insured, so too for the insurer.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 2 0th day of _December_____, 2006.

_____
JAMES T. TRIMBLE, JR.
U.S. DISTRICT COURT JUDGE