RECEIVED
IN LAKE CHARLES, LA
FEB -7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment Dismissing Plaintiffs' Environmental Assessment and Remediation Property Damage Claims for Failure to Prove Proximate Causation" (doc. #820) filed by defendant, Dayco Products, LLC and Mark IV Industries, Ltd. (collectively referred to as "Dayco") wherein the movers seek to have this Court enter summary judgment in their favor and dismiss all claims for alleged environmental property contamination and pollution and the remediation costs to monitor and/or clean-up any such alleged environmental damages because Brookshire Brothers cannot prove proximate causation. Both Brookshire Brothers and defendant Commerce and Industry Insurance Company of Canada, oppose the motion. For the following reasons, the motion will be denied.

### FACTUAL STATEMENT

The facts of this case were stated in this Court's Memorandum Ruling dated September 26, 2006 (doc. #816) and will not be restated herein.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the

non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

Dayco asserts that it is undisputed that the secondary containment components of Total Containment, Inc.'s ("TCI") Enviroflex System were designed, intended and represented to contain any fuel that escapes from the primary flexhose which carries fuel from the underground storage tanks to the above-ground gas dispensers or pumps. Dayco then asserts that it did not design, construct, and/or provide any of the secondary containment features of TCI's Enviroflex System, and that any alleged release of fuel into the environment on Brookshire Brothers' property and any alleged environmental contamination or pollution damage and monitoring or clean-up costs would not have occurred if the secondary containment equipment and features of TCI's Enviroflex System, had operated as designed, intended and represented by TCI. Hence, Dayco maintains that all claims for environmental assessment and remediation property damages should be dismissed because such alleged damages were not proximately caused by Dayco and the primary flexhose, but were caused by the failure of TCI's secondary containment equipment.

As to choice of law, the Court has previously held that Texas substantive law applies to the alleged injuries that occurred in Texas, and Louisiana substantive law applies to the alleged injuries that occurred in Louisiana.[9]

The only part of the Enviroflex system that Dayco supplied to TCI was the primary flexhose and couplings to connect the hose. It is alleged that a defect in the primary flexhose caused it to leak. Dayco maintains that Brookshire Brothers cannot prove an essential element of their claim – causation. Dayco argues that there would be no release of fuel into the environment from the alleged leaking flexhose, had the secondary containment equipment worked and/or operated as designed, intended and represented by TCI.

---

[9] See Memorandum Ruling dated July 7, 2006 (doc. #481).

Under Texas law, both negligence and strict liability claims require the plaintiff to prove proximate causation.[10] Proximate cause includes cause-in-fact and foreseeability.[11] Cause-in-fact requires the plaintiff to demonstrate that an act or omission was a substantial factor in causing the injury and absent the act or omission there would have been no injury.[12] Foreseeability means that "the actor, as a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others.[13] There can be more than one proximate cause of an injury.[14] "A concurrent act cooperates with the original act in bringing about the injury and does not cut off the liability of the original actor."[15] Generally, each person whose negligent conduct proximately causes the injury is liable.[16]

A new and independent or intervening cause is "an act or omission of a separate and independent agency that destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes the immediate cause of such injury."[17] It involves an unforeseen, independent force from a third party that causes a different injury than

---

[10] Restatement (Second) of Torts § 402A.

[11] *Travis v. Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).

[12] *Travis*, 830 S.W.2d at 98.

[13] *Id.*

[14] *Id.*

[15] *Benitz v. Gould Group*, 27 S.W.3d 109, 116 (Tex.App. 2000).

[16] *Travis*, 830 S.W.2d at 98.

[17] *Bel-Ton Elec. Serv. Inc., v. Pickle*, 877 S.W.2d 789, 795 (Tex.App. 1994).

4

would be expected at the time of the original negligent act.[18] A cause that is foreseeable can not be an intervening cause that relieves the original negligent party of liability.[19] "A new and independent cause that extinguishes the liability of a party cannot arise out of an affirmative act of negligence by either the plaintiff or the defendant."[20]

Whether proximate cause exists is a question of fact for the jury and can only be established as a matter of law where there is no dispute of material fact and reasonable minds can draw only one conclusion.[21]

Under Louisiana law, cause-in-fact is a "but for" inquiry, which tests whether the accident would or would not have occurred but for a defendant's substandard conduct. Where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident.[22] An intervening cause raises a question of concurrent causes, but if the intervening cause superseded the original negligence and alone produced the injury, the initial tortfeasor will be exonerated.[23] Again, causation is generally a fact question for the jury to decide.[24]

---

[18] *Biaggi v. Patrizio Rest., Inc.*, 149 S.W.2d 300, 306 (Tex.App. 2004).

[19] *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 597 (Tex.1987)("it is a well settled principle of law that if an intervening cause was foreseeable by the initial wrongdoer, then the initial wrongdoer's negligence may be considered a proximate cause of the injury, notwithstanding the intervening cause.")

[20] *Biaggo v. Patrizio Rest., Inc.*, 149 S.W.3d 300, 306 (Tex.App. 2004).

[21] *Rodriguez v. Moerbe*, 963 S.W.2d 808, 819 (Tex.App. 1998).

[22] *Bonin v. Ferrellgas, Inc.*, 877 So.2d 89, 94-95 (La. 2004).

[23] *Cunningham v. Northland Ins. Co.*, 769 So.2d 689, 694 (La.App. 5th Cir. 2000).

[24] *Caboni v. GMC*, 278 F.3d 448, 455 (5th Cir. 2002).

Dayco argues that the proximate cause of any environmental damages was a failure in the secondary containment, not a failure of the flexhose which it manufactured. It is undisputed that the flexhose is only one component in an integrated system designed to prevent gasoline from escaping into the environment. C&I and Brookshire Brothers argue that the flexhose is a concurrent cause of any damages and that the flexhose failure initiates a natural and continuous sequence that produces the environmental damages alleged. They further argue that the flexhose leak is a substantial or material factor in bringing those damages about because without the leak, there would be no release of fuel into the environment.

C&I and Brookshire Brothers contend that the alleged failure of the secondary containment is not a new and independent or intervening cause because it was foreseeable by Dayco. The Court has reviewed the summary judgment evidence and considered the arguments of the parties and concludes that there is a genuine issue of material fact for trial as to whether or not the alleged failure of the secondary containment system was an intervening cause that negates Dayco's liability.

## **CONCLUSION**

Based on the foregoing, the motion for summary judgment filed by Dayco will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___ day of February, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE