U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAY - 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

### RULING AND ORDER

Before the Court is a "Motion of Defendants to Exclude the Opinions and Proposed Testimony of Plaintiffs' Expert Donny Ray Johnson" (doc. #1021) filed by defendants, Cleveland Tubing, Inc., Commerce & Industry Insurance Company of Canada, Dayco Products, Inc. and Mark IV Industries, Ltd., Shell Chemical, LP, Ticona Polymers, Inc., and Underwriters Laboratories, Inc. Also before the Court is "Travelers and Gulf Insurance Company's Motion to Exclude the Reports and Testimony of Plaintiffs' Expert Donny Ray Johnson" (doc. #1029) wherein the movers adopt by reference the arguments and reasons set forth in the first filed motion to exclude expert, Donny Ray Johnson. Hence, the Court will address both of these motions simultaneously.

Defendants' first argument is that Mr. Johnson's expert report is irrelevant because it presents alleged economic damages, such as repair and replacement costs, lost profits and business interruption which are economic losses that this Court's previous memorandum rulings and judgments excluded for all injuries that occurred in Texas. Defendants' argument has merit. In our Memorandum Ruling and Judgment dated July 7, 2006 (docs. #481 and 482), we granted Underwriters Laboratories, Inc.'s motion for summary judgment and "dismiss[ed] Plaintiffs' claims

as barred by the economic loss rule"... "to the extent that the claims for injuries that occurred in Texas are dismissed except for damages to other property including land contamination in Texas..."[1] In a subsequent ruling and judgment dated August 31, 2006, we included the word "which" in our Judgment to clarify and define "other property." This word was included in our previous memorandum ruling dated July 7, 2006 to define "other property" as land contamination, but not in the Judgment. Nevertheless, the Court has been consistent in all subsequent memorandum rulings and judgments to include the word "which" to define other property to be land contamination. It was never intended by this Court to include the Total Containment System as other property, and Brookshire Brothers' attempt to make our rulings and judgments ambiguous and/or interpret other property so broad as to include the Total Containment System is without merit. Plaintiffs' counsel continues to advance arguments that cause this Court to conclude that they do not understand what the Court has clearly ruled in this regard. Counsel are cautioned in the future to reserve arguments to the contrary for the appellate court. Hence, the Court finds that Mr. Johnson's proposed testimony and expert report as they relate to the 65 Texas stores are irrelevant and misleading. The Texas stores, for which economic damages are not recoverable, may each sell many times more product than the Louisiana stores, and losses in Texas have no application in Louisiana.

Because of this finding, and not to prejudice Brookshire Brothers' claims for damages, the Court will allow Plaintiffs to submit a supplemental report from Mr. Johnson within 30 days from this date to specifically address the alleged damages that occurred in the three Louisiana stores, the damages of each store to be dealt with separately. Brookshire Brothers' alleged damages should be more site specific to these particular stores.

---

[1] See also docs. #726, 727, 816, 817, 740, 741, 886, 887, 864, 867, and 868.

The Court will not address the other issues raised by Defendants at this time, but will allow Defendants 15 days after receipt of Mr. Johnson's report to make objections thereto if they deem it necessary.

Since this ruling will affect the calculations of Professor Rice, Rice will have an additional 30 days after submission of Mr. Johnson's amended report to alter his report as may be required. The Court will address Professor Rice's supplemental report after it is submitted and Defendants have had 15 days to file objections to it. Accordingly,

**IT IS ORDERED** that the motions to exclude the report and testimony of Donny Ray Johnson (docs. #1021 and 1029) are hereby **GRANTED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of May, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE