RECEIVED
IN ALEXANDRIA, LA
JUL 0 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC., ET AL | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion to Disqualify Defendants' Witness Legier on *Daubert* Grounds" (doc. #1023) filed by Plaintiff wherein the mover seeks to disqualify William R. Legier because his opinions are unreliable under the *Daubert* criteria. Plaintiffs specifically take issue with Mr. Legier's deposition testimony wherein he was unable to cite to specific provisions of Generally Accepted Accounting Principles ("GAAP") in support of the opinions he is offering and his reference to being a "forensic accountant."

Defendants, Dayco Products, LLC and Mark IV Industries, Ltd., Commerce & Industry Insurance Company of Canada, Cleveland Tubing, Inc., Ticona Polymers, Inc., Underwriters Laboratories, Inc. and Shell Chemical LP., jointly retained Mr. Legier to review and analyze financial records and information, and render opinions on the amount of damages, including lost profits, repair costs and the cost of a new, rigid fiberglass pipe system incurred by Plaintiffs.

Plaintiffs do not challenge Mr. Legier's experience, education and/or training as a certified public accountant or his qualifications to render an opinion to refute the alleged damages claimed in the report of Plaintiffs' damage expert, Donny Ray Johnson. Instead, Plaintiffs maintain that Mr.

Leger's "inability to cite to GAAP principles by choosing to testify as a "forensic accountant," an unknown and undefined field, Legier – a facile highly-experienced testifier–has placed himself at least one step outside the *Daubert* ambit, and at least one step too far outside the vale to be permitted to testify to the opinions which he proposes to offer in this Litigation."[1] Furthermore, Plaintiffs "submit that this patient is dead, and cannot be revived. Legiers' opinions should be sent to the morgue, not proclaimed from the witness box."[2]

In his Affidavit[3], Mr. Legier notes that during Mr. Johnson's deposition, he also was unable to identify specific cites within GAAP that he relied upon to estimate and determine his own opinion.[4] Mr. Legier then provides the purpose of GAAP – to "deal with measures and disclosures presented in the **financial statements** of a business."[5] Mr. Legier further declares that GAAP is defined in the accounting profession as *"the measure and disclosure principles that apply to all **financial statements** [emphasis added] (except those prepared on another comprehensive basis of accounting). They govern the recognition of transactions (that is, they specify when a transaction will be recorded and the amounts to be recorded) and dictate the numbers and other information that must be presented in financial statements."*[6]

---

[1] Plaintiffs' Rebuttal, p. 5.

[2] *Id.*

[3] Affidavit of William R. Legier, CPA, CFE, Defendants' Exhibit A.

[4] *Id.* p. 3, ¶ 7.

[5] *Id.* p. 4, ¶ 9.

[6] *Id.* Citing *Stephen W. Lindsey, CPA, Marilyn Z. Rutledge, CPA and Cheryl Wilson, CPA, Guide to GAAP, Practitioners Publishing Company, Fort Worth, TX, 1995, p. iv.*

Mr. Legier then declares that GAAP does not apply to many services performed by certified public accountants such as tax accounting, compliance, planning and preparation, cost accounting, financial analysis, finance, economics, statistics, marketing, business valuation, financial and business consulting, business profit enhancement, business operational reviews, bookkeeping, evaluation and development of accounting procedures and internal controls, personal financial planning, incentive-based compensation planning, mergers and acquisitions, business information technology, fraud detection, prevention and recovery, litigation services,[7] as well as others.[8]

Mr. Legier declares that litigation services specifically do not involve the application of GAAP; rather the professional accounting standards of the AICPA apply in litigation services, citing the following:

> *"Litigation services are professional services rendered by a practitioner in accordance with the AICPA's SSCS* [Statement on Standards for Consulting Services]. . . . *In litigation engagements, the practitioner typically renders an expert opinion or provides other consulting services based upon expert judgment, experience, education, training, and analysis in compliance with applicable professional standards. . . ."*[9]

Specifically, Mr. Legier declares that in performing his engagement, he "applied practices, procedures, rules, regulations, conventions, standards, principles, methods and guidance from authoritative publications generally accepted within [his] profession as a Certified Public Accountant, Certified Fraud Examiner and forensic accountant, including the AICPA Professional

---

[7] Except in matters where expert opinions are provided in areas where GAAP is specifically applicable.

[8] Affidavit of William R. Legier, CPA, CFE, Defendants' Exhibit A, p. 5, ¶ 10.

[9] AICPA, *Litigation Services and Applicable Professional Standards, Consulting Services Special Report 03-1*, American Institute of Public Accountants, Inc., New York, NY, 2003, p.9.

3

Standards (including its Code of Professional Conduct and Bylaws and Statements on Standards for Consulting Services) as well as numerous other publications in the area of accounting.[10]

As to the Plaintiffs taking issue with Mr. Legier referring to himself as a forensic accountant, the Court finds this argument entirely without merit and completely irrelevant.

Mr. Legier is qualified, through his education and 35 years of experience and professional training. In formulating his opinions, Mr. Legier applied the principles, methods and publications that are generally accepted withing the accounting profession. Accordingly, the Court concludes that Plaintiffs' motion to disqualify Mr. Legier is without merit.

## CONCLUSION AND ORDER

For the reasons set forth above, it is

**ORDERED** that the motion to disqualify Defendants' expert, William R. Legier, CPA, CFE, is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of July, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] Affidavit of William R. Legier, CPA, CFE, Defendants' Exhibit A, p. 9, ¶ 13.