U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC., ET AL** | : | **DOCKET NO. 04-1150** |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC, ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING AND ORDER

Before the Court are two motions: "Motion to Exclude the Testimony and Report of Plaintiffs' Experts Williams Anderson and Don Jones" (doc. #1033) filed by Dayco Products, LLC, Mark IV Industries, Ltd, Cleveland Tubing, Inc., Shell Chemical LP, Ticona Polymers, Inc., Underwriters Laboratories, Inc. and Commerce & Industry Insurance Company,[1] and "Travelers and Gulf Insurance Company's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts William Anderson and Don Jones" (doc. # 1031). Travelers' motion (doc. #1031) adopts the arguments and reasoning of the other motion (doc. #1033).

Federal Rule of Evidence 702 provides the following regarding expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The trial judge must ensure that any and all scientific testimony or evidence admitted is not

---

[1] Commerce & Industry was dismissed with prejudice from the suit on July 18, 2007. See document #1193.

only relevant, but reliable."[2] The party offering expert testimony must prove by a preponderance of the evidence that the proffered evidence satisfies the criteria of Federal Rule of Evidence 702.[3] "The court must determine that the reasoning and methodology underlying the testimony is scientifically valid and that the reasoning and methodology can properly be applied to the facts in issue."[4] Rule 702 has three major requirements: (1) qualifications, (2) reliability, and (3) relevance.[5]

First, Defendants maintain that the proffered expert testimony by William Anderson and Don Jones should be excluded because it is no longer relevant for 65 of the 68 stores at issue. Defendants' basis for excluding this evidence lies in this Court's ruling dismissing all claims for pure economic losses that occurred in Texas. Brookshire Brothers concedes that if the Court finds that the secondary containment system does not constitute "other property" in respect to the Primary Flexpipe which failed, this testimony will not be relevant to Plaintiff's claims for economic loss incident to the replacement of Flexpipe in Texas. The Court has concluded that other property includes land contamination, not the Total Containment System.[6] Accordingly, any testimony by William Anderson and Don Jones regarding economic damages for the 65 stores in Texas will be excluded because it is irrelevant.

Next, Defendants maintain that with regard to the remaining three (3) Louisiana stations, the

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993).

[3] *Mathis v. Exxon Corp.,* 302 F.3d 448, 459-60 (5th Cir. 2002).

[4] *Allen v. Pennsylvania Engineering Corp.,* 102 F.3d 194, 196 (5th Cir. 1996) citing *Daubert,* 509 U.S. at 592-93.

[5] *Smith v. Fifthian,* 2006 U.S. Dist. LEXIS 51054, *4-5 (W.D. La. July 26, 2006).

[6] See Ruling and Order (doc. #1176) dated 5/4/06, p.2. See also docs. #726, 727, 816, 817, 740, 741, 886, 887, 864, 867, and 868.

Anderson/Jones opinion is not supported by the evidence or their experience. Defendants complain that Anderson and Jones will testify that it will cost $116,086.47 to replace the Total Containment System, but that Jones Brothers has already replaced the piping system in its DeRidder, Louisiana store for a cost of $70,012.00. Hence, Defendants argue that the Anderson/Jones opinion is not reliable nor relevant for the three (3) Louisiana stores.

*Daubert* lists five considerations to assist the trial judge in determining "reliability" of the expert's testimony: (1) the "testability of the expert's theory or technique; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards and controls; and (5) whether the methodology is generally accepted in the scientific community."[7]

Brookshire Brothers contends the Defendants' argument goes to the weight of the testimony that will be decided by the jury. Brookshire Brothers argues that the Anderson/Jones opinion considered three (3) other stores that were reconstructed in Texas and the cost for the DeRidder store did not include work done by contractors other than Jones Brothers. The Court will not exclude the testimony of Anderson/Jones regarding the cost replacement of the Total Containment System of the Louisiana stores because the weight of this testimony will be decided by the jury after Defendants have had ample opportunity to cross-examine these witnesses.

Finally, Defendants maintain that Anderson and Jones do not have the expertise, qualifications, and/or experience to give an opinion as to the following; (1) the TCI pipe is a "failed product," is "defective" and did not work "as advertised," (2) "the failure of the TCI pipe presents

---

[7] *Daubert,* 509 U.S. at 591-95.

a danger to Brookshire Brothers personnel and the public in general,"[8] and (3) "[a]ny leak not addressed could become a financial burden, . . . financial institutions are reluctant to lend funds to potential buyers."[9]

Brookshire Brothers argues that Anderson and Jones are in the construction and remediation business and are not professional witnesses, but as construction professionals, they can give these opinions to assist the trier of fact. The Court disagrees. Federal Rule of Civil Procedure 702 prohibits an expert from testifying outside their area of expertise.[10] Expertise in one area does not equate to expertise in all related fields and for all related opinions.[11] Accordingly, the opinions of Anderson and Jones will be limited to the field of construction and remediation, and any testimony concerning failed product, Brookshire's loss of business, fire hazard, and financial burdens or obtaining loans will be excluded.

Finally, in their opposition to Defendants' motion to exclude the testimony of Anderson and Jones, Brookshire Brothers moves for sanctions based on their belief that this motion is not a proper *Daubert* motion. The Court finds that no sanctions are warranted.

## ORDER

For the reasons set forth above,

**IT IS ORDERED** that the motions to exclude the testimony (docs. #1031 and 1033) are hereby **GRANTED** in part and **DENIED** in part. The motions are **GRANTED** to the extent that

---

[8] Defendants' Memorandum, p. 12.

[9] Defendants' Memorandum, p. 13.

[10] See *E.G. Edmonds v. Ill. Cent. Gulf R.R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990).

[11] *Wilson v. Woods*, 163 F.3d 935, 938 (5th Cir. 1999).

William Anderson and Don Jones are prohibited from testifying as to their opinion (1) regarding the pure economic damages of the 65 Texas stores, (2) as to a defective or failed product, or that the TCI pipe does not work as advertised, (3) that the failure of the TCI pipe presents a danger to Brookshire Brothers personnel and the public in general, (4) that any leak not addressed could become a financial burden, and (5) their opinion that financial institutions are reluctant to lend funds to potential buyers; otherwise the motion is **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of September, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE