U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROOKSHIRE BROTHERS HOLDING, INC. | : | DOCKET NO. 04-1150 |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC. ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING AND ORDER

Before the Court is "Plaintiffs' Motion to Disqualify Susan Litherland, Defendants' Environmental Expert, on *Daubert* Grounds" (doc. #1186) wherein the movers seek to exclude this expert witness' testimony because (1) she does not possess sufficient experience in the assessment and remediation of retail gasoline stations to testify as an expert on those subjects, and (2) she has not properly applied reliable facts, principles and methods in rendering an opinion about the cause of pollution at ten (10) Brookshire Brothers' stations.

*Qualifications*

The expert qualification criteria set out in Federal Rule of Evidence 702 are that the expert possess "scientific, technical or other specialized knowledge" based on "knowledge, skill, experience, training or education" sufficient to assist the trier of fact to understand the evidence or determine a fact issue. "A court should consider a proposed expert's full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given year."[1]

Brookshire Brothers maintains that Defendants' expert witness, Ms. Susan Litherland, is not

---

[1] *U.S. v. Parra,* 402 F.3d 752, 758 (7th Cir. 2005).

qualified to express an opinion as to the cost of remediating 64 Brookshire Brothers' filling stations. Brookshire Brothers complains that only 10 per cent of Ms. Litherland's environmental practice involves leaking gasoline issues and challenges the authority of her testimony because she has done little work on gasoline releases from Underground Storage Tanks ("UST") at retail gasoline stations. Plaintiffs' expert, Mr. Mark Moore, declares, without explanation, in an affidavit that cleanups of gasoline and chlorinated hydrocarbons are different, and the remediation of spills on large industrial tracts of land involves concepts and practices which differ from the cleanup of filling stations. Thus, Brookshire Brothers argues that Ms. Litherland's experience with the environmental remediation of industrial spills does not qualify her to testify in this case about what should be done to assess and correct Brookshire Brothers' gasoline pollution problems.

Defendants rebut with the following: Ms. Litherland has 24 years of experience in conducting environmental site investigations and remediation studies in the state of Texas along with a multitude of experience that is directly relevant to the environmental contamination issues in this case. Defendants argue that Plaintiffs' assumption that there is something unique about environmental site investigation and cleanup at consumer gasoline stations is a false premise. Defendants assert the Ms. Litherland testified that there is nothing unique about hydrocarbon contamination originating from Petroleum Storage Tanks ("PST") as it relates to the assessment and remediation of environmental contamination at the site. Ms. Litherland explains that under the Texas regulatory program benzene arising from a "jet fuel" site, a "Superfund site," and a "retail gas facility" are all treated the same from a site assessment and remediation standpoint.[2] Defendants further assert that the primary stated purpose for drafting the current Texas environmental cleanup rules – Texas Risk Reduction Rules ("TRRR") is the need to create consistent site investigation and cleanup standards across different

---

[2] Defendants' exhibit A; Defendants' exhibit B, ¶ 9-11.

kinds of sites.[3]   The Texas Commission on Environmental Quality ("TCEQ") states in the Preamble to the initial publication of the TRRR under the heading "Reason for the Adopted Rule" that "[t]he goals of the new program are: to create a unified performance-based approach to corrective action which will be the same regardless of which of the agency's program areas review the adequacy of a response action."[4]

Ms. Litherland's CV, deposition testimony and affidavit provides that she: (1) has worked as an environmental site assessment and remediation specialist for more than 24 years, (2) has been a TCEQ licensed Corrective Action Project Manager and Professional Engineer for 12 years, (3) has extensive experience with site investigations involving benzene and other fuel constituents, including experience with site investigation and remediation as PST sites, (4) has conducted cost estimating work similar to her work in this case for more than 2 decades on many similar projects, (5) has completed several remediation projects through formal closure by TCEQ pursuant to the requirements of TRRR standards, (6) was among a select group of highly qualified environmental specialists in the State of Texas who have been invited to serve on the steering committee that works directly with the TCEQ to prepare the regulatory guidance documents and rules that implement the current TRRR program, and (7) has previously provided expert testimony on at least 3 prior occasions related to the assessment and remediation of environmental contamination at Texas gasoline stations without limitation or exclusion.

The Court concludes that there is no reasonable basis to exclude Ms. Litherland's testimony based upon an alleged lack of qualifications.

---

[3]   30 Tex. Admin. Code chapter 350.

[4]   Exhibit 2 attached to Defendants' exhibit B, pp. 7437-78.

*Reliability of Ms. Litherland's causation opinions*

Brookshire Brothers maintains that Ms. Litherland's opinions regarding the cause of the environmental contamination are unreliable. In her report, Ms. Litherland expressed the following opinion:

> Mr. Moore ignores other factors or data that would suggest the impacts to soil and/or groundwater identified through the recent sampling were caused by and/or contributed to by other mechanisms.

Brookshire Brothers argues that because Ms. Litherland criticized certain information from a summary of a Vertex environmental report as being incomplete and contradictory, her testimony is unreliable. Defendants point out that Ms. Litherland's opinions that alternate hydrocarbon sources more likely than not contributed to the environmental contamination of certain sites is based upon actual site sampling and observations of on-going spill from other sources. Ms. Litherland also relied upon historical data that suggested that the historical property uses may have contributed to the environmental contamination. The Court has reviewed the evidence submitted and considered the arguments of the parties and concludes that Ms. Litherland's causation opinions are supported by reliable and relevant scientific evidence and are therefore admissible.

## ORDER

Based on the foregoing, the motion to exclude the expert testimony of Ms. Susan Litherland (doc. #1186) filed by Brookshire Brothers is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5½ day of September, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE