

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| BROOKSHIRE BROTHERS HOLDING, INC., et al., | CIVIL ACTION NO.04-1150 |
|---|---|
| -vs- | JUDGE TRIMBLE |
| TOTAL CONTAINMENT, INC., et al., | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING AND ORDER

Before the court is a motion for summary judgment [R. 805] filed by defendants Dayco Products, LLC and Mark IV Industries, Ltd. (collectively herein "Dayco"). For the reasons expressed herein, the court finds that Dayco's motion should be DENIED.

Dayco manufactured, for a period of time, the primary flexpipe which was a component part of an underground fuel storage and delivery system purchased by plaintiffs from Total Containment, Inc. ("TCI"). Plaintiffs suit seeks recovery of damages sustained by alleged defects in this flexpipe.

Dayco's motion asserts that plaintiffs cannot satisfy their burden of proof in this case because of a lack of evidentiary support which results from plaintiffs' failure to adequately catalog and preserve necessary evidence. In addition, Dayco claims that it is prejudiced in its ability to defend against a portion of plaintiffs' claims against it by virtue of the condition of certain evidence.

Specifically, Dayco alleges that, in 102 instances, plaintiffs offer invoices for repair or replacement of flexpipe by Pump Masters, Inc. ("PMI"), but fail to provide the actual

flexpipe removed from the site. Plaintiffs acknowledge that some of the labels (originally containing the date of extraction and location) affixed to lengths of extracted pipe being stored at PMI's warehouse have become worn, but aver that this does not create the evidentiary gap for them or the prejudice to Dayco that the motion suggests.

Having reviewed Dayco's motion, the court finds that the issue of whether or not certain lengths of flexpipe bearing worn and illegible labels were manufactured by Dayco to be a fact question which is properly referred to the merits for consideration by the jury in this case. Moreover, it is the right of plaintiffs to present evidence of losses associated with these particular lengths, just as it is the right of Dayco to present evidence rebutting the idea that they were made by Dayco or exhibited some defect.

While the court acknowledges the burden of plaintiffs to demonstrate a connection between the product, manufacturer, defect and damages, we also note that plaintiffs may use circumstantial evidence to establish the provenance of the flexpipe lengths at issue.[1] Accordingly, it cannot be said, at this time, that plaintiffs have no means of satisfying their burden of proof in this case.

Considering the reasoning of the court expressed above, it is hereby

**ORDERED** that Dayco's motion for summary judgment [R. 805] is **DENIED**.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 19th day of 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Mauldin v. Upjohn Co., 697 F.2d 644, 646 (5th Cir. 1983), quoting Porter v. American Optical Corp., 641 F.2d 1128, 1142 (5th Cir. 1981).