U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

NOV 27 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BROOKSHIRE BROTHERS HOLDING, INC., ET AL** | : | **DOCKET NO. 04-1150** |
| VS. | : | JUDGE TRIMBLE |
| TOTAL CONTAINMENT INC., ET AL | : | MAGISTRATE JUDGE WILSON |

### ORDER

Before the Court is a "Motion and Order to Remand" (doc. #1254) filed by Brookshire Brothers, wherein the mover seeks to remand the instant case to state court because the Court lost subject matter jurisdiction when Total Containment Inc.[1] and its insurers were dismissed, either voluntarily or involuntarily. Brookshire Brothers maintains that an event post-removal can destroy subject matter jurisdiction and require remand under 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1367(c), this Court has discretion as to whether to keep the current pending claims or remand to State court. 28 U.S.C. § 1367(c) provides the following pertinent language:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[1] TCI filed bankruptcy approximately seven (7) months after Brookshire Brothers filed the instant suit against TCI and other defendants in State court.

       (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court has considered these factors and concludes that each factor militates in favor of remand. There is no doubt that this products liability case involves complex issues of State law, nor is there any doubt that the only reason this case was removed to federal court was because it was related to a bankruptcy proceeding which is no longer relevant to the instant case.[2] While it is certainly within our discretion to retain this case for further proceedings, after examining the factors enumerated in § 1367(c), the Court finds that the suit before us contains only issues of State law, and in the interest of comity, these State law issues would be more properly decided by a State forum. Accordingly,

**IT IS ORDERED** that the motion and order to remand is hereby **GRANTED**. The cause is remanded to the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

**IT IS FURTHER ORDERED** that the Clerk of Court certify a copy of this judgment and forward the same to the Clerk of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 27th day of November, 2007.

                  _____
                  JAMES T. TRIMBLE, JR.
                  UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs are not seeking a judgment against Total Containment, Inc. and all of its insurers have been dismissed either voluntarily or involuntarily.